## RILEY v BOARD OF EDUCATION, et

Ohio Appeals, 4th Dist, Highland Co
Decided April 29, 1930

H. S. Pulse, Lynchburg, for Riley.

Harold A. Predmore, Hillsboro and Wilson & Morrow, Hillsboro, for Board of Education, et.

**MIDDLETON, PJ.**

We are favored in the consideration of the case by a written opinion of the Court of Common Pleas in which the petition is discussed in detail and with which in its conclusion we are not disposed to differ.

The basis for the action for an injunction rests upon the alleged fact that the petition for the transfer of the Oak Grove District prayed for such transfer to a district designated in such petition as the Hillsboro, Ohio, School District of Hillsboro, Highland County, Ohio, while the county board of

education made such transfer to the Hillsboro, Ohio, Exempted Village School District of Highland County, Ohio. It is urged in support of the petition that the difference in the names of the Hillsboro districts as they so appeared makes the transfer wholly void. There is no allegation in the petition, however, that the Hillsboro, Ohio, Exempted Village School District of Highland County, Ohio, was and is not in fact the district to which the signers to such petition intended the transfer to be made. There is no allegation in the petition that the transfer as made by the county board was not in accordance with the desire and intent of the petitioners for the transfer.

Section **3696 GC.** prescribed no particular form for a petition nor does it require that the material facts alleged therein shall be stated in any specific and definite words. The petition, of course, must so describe and designate the territory to be transferred and the district to which it is to be transferred in words so definite and specific as to leave no question or doubt of the purpose and intent of the petitioners to have the transfer made from and to the districts subsequently acted upon by the county board of education. It necessarily follows that when the description in the petition is so definite and certain as to leave no room for doubt and as a matter of fact, as in the instant case, may only refer to the districts acted upon by the county board of education the petition is sufficient. Whether or not it is sufficient is a mixed question of law and fact and its determination is exclusively within the jurisdiction of the county board of education. It does not appear in plaintiff's petition that there was or is any district in Highland County resembling in name the district specified in the petition filed for the transfer other than the Hillsboro, Ohio, Exempted Village School District. We conlude that until the petition alleges that the Oak Grove District was not in fact transferred to the district intended by the petitioners it lacks sufficient facts to justify a court of equity in interfering with the action of the county board of education. And in this respect lies the difference between the instant case and State ex rel Stipe v. Carr, et al, Summit County.

The demurrer to the petition is sustained.

Mauck and Blosser, JJ., concur.