Barnum, Hammond, Stephens & Hoyt, Youngstown, for plaintiff in error.

Edw. Stease, and Vokoon & Meck, and John Ruffalo, Youngstown, for defendant in error.

### OBENDORFER v McTIGUE

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 16, 1932

**POLLOCK, J**

This is a brief statement of the evidence. There is no claim made that this court can reverse on the weight of the evidence. The first error complained of is in the admission of evidence. Upon the examination of Mr. Frazier, the party who was operating this car in which the plaintiff was riding, he is asked:

"Q. Did you have some conversation afterwards with Mr. Obendorfer?
A. Well, yes, I did. I sort of had quite a little heated argument with him, asking why he was driving at such speed and manner, to come whipping around like that when there was a wreck in front of him. I said, 'You didn't know whether there was any other car on this side of the road or not. You took it for granted.' We proceeded to talk for a while."

Then the question was asked:

"Q. After you talked with him in the manner you have just told us, what, if anything, did he say to you?
A. Well, he said, 'Was there anyone hurt? You don't have to worry. I have got everything covered'."

There was objection made and the court was asked that this answer be stricken out and the jury instructed. The attorney for the plaintiff then says:

"It is conversation between the defendant and the driver of this car. There is nothing in this conversation objectionable up to the present time."

The objection was overruled. Then there is a further request or motion on the part of the defendant asking that the jury be withdrawn and the case continued, which was overruled, and this is urged as error on the ground that it was bringing into evidence before the jury by the statement of the defendant, that his car was covered by insurance and they need not worry.

This answer was an error and the court should have stricken it out and instructed the jury as requested. It was bringing to the attention of the jury that this car was covered with insurance and it did not make any difference to the defendant, whether there was a verdict against him or not. The defendant called our attention, so far as authorities of this state are concerned, to the case of **Wilson v Wesler, Admrx, 27 Oh Ap, 386, (6 Abs 249):**

"Testimony that defendant, in action for negligence, is insured, or that defense is conducted by insurance company, is incompetent and so dangerous as to require reversal, even though the court strikes it from record and directs jury to disregard it, unless it clearly appears that it could not have influenced verdict."

The complaint in that case was in plaintiff's attorney asking directly if she did not report to the Insurance Company the condition of her car on the road. In this case it was the answer of the witness that called the attention of the jury to the fact that the car was insured. We call attention to a case which is quite close to the circumstances of the instant case as to the right of plaintiff to introduce such evidence:

"Evidence that the defendant in an action for negligence was insured in a casualty company, or that the defense was conducted by an insurance company, is incompetent and so dangerous as to require a reversal even when the court strikes it from the record and directs the jury to disregard it, unless it clearly appears that it could not have influenced the verdict."

This is from the case of Simpson v Foundation Company, 95 NE, and what I have read is from page 15. Just immediately prior to that it is said:

"If the answers were unexpected, as claimed, it was the duty of the plaintiff's counsel himself to move to strike out the evidence and to ask the court to instruct the jury to disregard it. Although warned by objection and exception, he had brought it into the record, and when he knew that it was not expected, but something highly improper, he should have lost no time in getting it out of the record and doing the utmost to correct his mistake."

In 56 A. L. R. there is quite a notation in regard to this kind of evidence:

"It may be said to be the universal rule that, subject to the exceptions and qualifications subsequently to be noted, evidence that a defendant in a personal injury or death action carries liability insurance, protecting him from liability to third persons on account of his own negligence, is not admissible. Indeed, this is so well settled that citation of authority is hardly required to sustain it."

This is found on page 1419. Then again, on page 1423:

"Beyond question, the attorney for the plaintiff in a personal injury suit should not be permitted to bring out on direct examination of his witnesses, or by introducing into the evidence documents tending to show, that the defendant carries liability insurance, and thereby leave the inference that he will not be called upon to pay the judgment, and this though the defendant is in fact insured."

There are many citations under these quotations, so that there can not be any question but what the universal rule is that this kind of evidence should not be brought into the record.

Our attention has been called by the plaintiff to the case of Coz v Tenney, 104 Oh St, 500, where the Supreme Court of this state permitted testimony that the party was insured, but in that case the defendant was denying that the truck which caused the injury belonged to him, denying the ownership of it and denying the person operating it was in his employ. The Supreme Court said that what he said of the insurance company was a statement against interest, and was competent to prove his ownership of the truck, although it would bring to the knowledge of the jury the fact that he was insured. Our attention is called to **Wicker v Kenney, 19 Oh Ap, 346 (2 Abs 571)**. The same condition existed in that case as was in the case before the Supreme Court. We think the Supreme Court in this state has not held that such answers as the one in this case, which do not tend to prove an issue in the case, are competent. The court should have sustained this motion to strike out the answer and withdraw from the jury. The witness Frazier was the principal witness for the plaintiff in this case. He was operating this car in which plaintiff was riding. From the manner in which it was brought into the case there is a strong suspicion that the attorney knew what the answer would be and that is further emphasized. The defendant was called for cross examination and on page 42 this question was asked:

"Q. And gave him your name, where you were from?
A. Yes, sir, I gave him my name.
Q. And told him not to worry, or words to that effect?"

Asking this defendant if he did not use the very words that the witness Frazier afterwards used. This question points very strongly to the fact that the attorney knew what the answer would be when he asked Frazier the question. If he said he intentionally introduced evidence which he knew was incompetent, or should have known, at least he violated a principle announced by the New York court by not asking promptly when he knew the answer to be improper to have it stricken out, but insisted to the court that it was competent. For these reasons we think it was error sufficient to reverse this case.

The next error complained of is in the charge of the court. After stating something about what was in the petition, the court says:

"That while riding in this car as a passenger it was struck by the car of the defendant, Edward J. Obendorfer, and that she was injured, and she claims negligence and carelessness upon the part of the defendant in several respects:

First, in that the defendant was negligent; that ordinary care required the defendant to stop a safe distance behind the car before him and this defendant failed to do. Second, ordinary care required the defendant to at all times have control of his car. Defendant did not exercise this care or he could have avoided such collision."

Continuing for six grounds of negligence, stating probably not as pointedly as this on all of them, but stating the principle of law and reciting that the defendant had violated that proposition of law. It is urged that this was error because the jury would not understand that the court was merely stating what the plaintiff alleged in the petition, but it would become confused and would think that he was laying down propositions of law to them. We hardly think that such a strong presumption as that would be inferred. The jury are supposed to know what the court is saying to them, and then the court continued on and referred to the defendant's answer and said that these are the provisions of the pleadings. We do think that where the negligence is stated in the form that this is, the court would better use his own language in stating the grounds of negligence. The court then referred to the defendant's answer, which, except admissions, is a denial that his car caused any damage or came into collision with the car in which plaintiff was riding. Then he follows on with the definition of negligence and other definitions, then commenced again:

"Now, what are the claimed grounds of negligence claimed by the plaintiff and against the defendant? First, that the defendant did not use ordinary care as required to keep a safe distance behind the car before him."

He goes on with quite a definition or rule as to operating the car at a safe distance behind. We might say, as far as we could learn, there is not any evidence in this record that the defendant was not a safe distance behind the Oakland, and that he could not have stopped if he so desired.

Then second:
"That the defendant did not use ordinary care in having his car under control. I shortened the charge. What do we mean by control or proper control of the operation of motor vehicles on the highways?"

The court goes on through all of these six grounds of negligence in more or less stating them as he had stated them from the petition, and gives a long definition or rule to govern under each and every one, and from that time on; in fact, from the time he states what the defendant claimed in his answer, he did not mention the defendant's claim in this case in any way except just when he concluded the charge, all except the damage part of it. He asked if the defendant claimed contributory negligence and was answered that he did not. We think the vice of this charge was charging the negligence as alleged in the petition, regardless of the issues raised in the trial of the case. The jury should be instructed upon what the issues are as made by the evidence. They were passing on those issues, not what either party is claiming in the pleadings.

The issues in this case are very simple. If, as claimed by the plaintiff, the defendant had operated his car around the wrecked automobile while the car in which plaintiff was riding was stopped on the right hand side of the road, in such a manner that he came into collision with the car in which plaintiff was riding, and she was injured, he was operating his car negligently. On the other hand, if, as claimed by the defendant, his car was stopped on his right hand side of the road, he was not negligent. A number of witnesses by their testimony tend to support the defendant's claim as against the plaintiff, so there was a claim in this case that the defendant's car had stopped on its own right hand side some fifty to a hundred feet back of the wreck, and that he did not come into collision with the second Chevrolet, in which plaintiff was riding, at all; that the injury to defendant's car was caused by the first Chevrolet continuing on down the road after it had collided with the first car.

We think the vice of the charge is that it does not charge the issues as made in the evidence and that it was strongly in favor of the plaintiff.

For these two reasons the judgment of the court below is reversed.

ROBERTS and FARR, JJ, concur.