**KINNEY et v RICHARDSON et**

Ohio Appeals, 9th Dist, Lorain Co

No 624. Decided Nov 22, 1932

Stevens & Stevens, Elyria, for plaintiff in error.

D. B. Symons, Elyria, and Alexander S. Brien, for defendant in error.

FUNK, J.

The record shows that the plaintiff, Elizabeth Richardson, was a guest in an

automobile driven by the defendant. The accident was caused by the automobile in some manner getting out of the main traveled part of the road and running into a stump, thereby causing the injuries to plaintiff.

The defendant claims that there is prejudicial error in the record in this case in four particulars, which we will take up in the order discussed in defendant's brief.

First, it is claimed that there is error in the admission and rejection of evidence, prejudicial to defendant, in five instances.

We find that all but one have reference to the extent of the injuries. We find no prejudicial error in any of these, especially in view of the fact that there is no claim that the verdict is excessive if the plaintiff is entitled to recover anything.

The other instance is in reference to one of the other occupants of the automobile being permitted to describe the nature of her injury received at the time of the accident. What little there was of this evidence we find was not prejudicial to defendant, as it probably had some bearing upon the speed at which the car was traveling and the force of the impact.

Second, it is claimed that the court erred in refusing to take from the jury the second and third claims of negligence, both of which have reference to the accident being caused by the defendant attempting to pass a parked car without having her automobile under proper control. It is contended that there is no evidence in the record that would justify the claim that a parked car had anything to do with the accident.

Under the record in this case we find no reversible error in this particular, as we find some evidence concerning a parked car. Where there is some evidence, however slight, in support of an allegation of negligence, it is not prejudicial error for the court to refuse to withdraw such allegation of negligence from the consideration of the jury.

The record shows that the court merely stated the several acts of negligence on the part of defendant, as claimed in the petition, and made no further charge or reference to them other than to tell the jury, in substance, that before they could return a verdict for plaintiff they must find that defendant was guilty of negligence in one or more of the acts complained of, and surrounded said instructions with the usual qualifications as to proximate cause and contributory negligence, and thus properly left it for the jury to determine whether the parked car had anything to do with the accident. The situation in the instant case is entirely unlike that in the case of **Obendorfer v McTigue, 12 Abs 524.**

If, as plaintiff claims, there was no evidence that the parked car had anything to do with the accident, it surely could not be prejudicial to refuse to take these allegations of negligence from the jury, because if any presumption is to be indulged, it would be that the verdict is not based upon acts of negligence which were not supported by any evidence whatever.

Third, it is claimed that the court erred in its general charge, when it instructed the jury as follows:

"If contributory negligence is suggested by plaintiff's own evidence, then the burden is on her to remove and dispel the suggestion. If not so suggested by plaintiff's evidence, then such contributory negligence as will defeat a recovery, to be available, must be shown by the defendant. In such case the burden is on the defendant, and she must make it appear by a preponderance of the evidence."

It is contended by counsel for defendant that this part of the charge placed a greater burden upon the defendant than the law requires.

We do not agree with this contention, especially in view of what the court said to the jury about the duty of plaintiff just before and following the part about which complaint is made. We think there is not a chance that the jury understood this part of the charge as contended for by counsel for defendant. Considering the charge as a whole, and in connection with instructions given before argument at the request of defendant, we are inclined to the opinion that it is more favorable to defendant than she was entitled to.

The case of **Eckroate v Bauders, 36 OLR 3. 41 Oh Ap 361, (11 Abs 558),** cited by counsel in support of his contention, has no application in the instant case. In that case the court omitted entirely to inform the jury what the duty of the plaintiff would be in respect to dispelling the presumption of negligence on the part of plaintiff, if evidence on his behalf raised it, and that is what the court had reference to in that case and which is not the situation in the instant case.

Moreover, while the use of the word "suggested" in the connection used in the charge is not proper and this court has heretofore disapproved of such use of it in the case

of **Lopa v Smith, 37 Oh Ap 346, (8 Abs 415),** which case was affirmed by the Supreme Court in **123 Oh St 213,** it surely was not prejudicial to defendant in the instant case, as it apparently placed a greater burden on plaintiff than the law requires.

Fourth, it is contended that the court erred in overruling the defendant's motion for a directed verdict at the close of all the evidence.

We find that the court not only did not err in overruling said motion, but we think it would have been error to have sustained the same.

Finding no prejudicial error in the record, the judgment is affirmed.

PARDEE, PJ, and WASHBURN, J, concur in judgment.