## MERRITT v GARDNER

Ohio Appeals, 9th Dist, Summit Co

No 2433.   Decided April 10, 1935

Brouse, Englebeck, McDowell, May & Bierce, Akron, for plaintiff in error.

Musser, Kimber & Huffman, Akron, and B. E. Bayles, Akron, for defendant in error.

**OPINION**

By STEVENS, J.

This cause is in this court upon error proceedings. There was a collision between automobiles driven by the respective parties. Each brought an action for damages against the other, and the actions were consolidated and tried in one action, which resulted in a judgment that neither was entitled to recover. Merritt alone prosecutes error.

The principal complaint is error in the charge of the trial court upon the burden of proof.

Upon this subject the trial court charged as follows:

"It is necessary in the first instance that a party should show he was free from blame and not in fault. If contributory negligence is suggested by the party's own evidence, the burden is on him to remove and dispel it and show himself blameless to the jury. If not suggested by the party's evidence then such contributory negligence as would defeat a recovery to be available must be shown by the other party. In such case, the burden is on the other party and he must make it appear to the satisfaction of the jury by a preponderance of the evidence unless the evidence introduced on the part of the party tends to show he was guilty of negligence, in which case it would be your duty to find from a preponderance of evidence the whole truth

that he was not guilty of negligence that contributed to his injury before he would be entitled to recover."

The charge as given is erroneous, upon the authority of—

Lopa v Smith, 37 Oh Ap 343 (8 Abs 415); affirmed. Smith v Lopa, 123 Oh St 213.

Obrecht, a minor v Tallentire, 43 Oh Ap 376 (13 Abs 218).

The error in the charge is prejudicial.

Montanari v Haworth, 108 Oh St 8.

Cincinnati Traction Co. v Williams, 115 Oh St 124.

Cleveland Ry. Co. v Goldman, 122 Oh St 72.

Smith v Lopa, supra.

Martin, Jr. v Heintz, 126 Oh St 227.

The fact that the charge was erroneous as to both parties does not cure the error as to either.

The judgment of the Court of Common Pleas on Merrit's cause of action against Gardner is reversed, and the cause remanded for further proceedings in conformity to law. The judgment on Gardner's cause of action against Merritt is not affected by this reversal.

FUNK, PJ, and WASHBURN, J, concur in judgment.