## ROETTKER v CINCINNATI (City) et

Ohio Appeals, 1st Dist, Hamilton Co

No 5123. Decided Dec 28, 1936

Wm. P. Hohmann, Cincinnati and Wm. H. Dedens, Cincinnati for appellee.

John D. Ellis, city solicitor, Cincinnati and Edward F. Alexander, ass't city solicitor, Cincinnati, for appellants.

By HAMILTON, J.

Appeal on questions of law and fact.

The appellee, plaintiff, in an action filed in the court of common pleas secured a permanent injunction against the collection by the City of Cincinnati, appellant, of certain taxes which she claimed were illegally assessed against her property.

In the amended petition, plaintiff, appellee, sets up her ownership of certain property, and that its location prior to June 4th, 1930 was part of Section 7, Green Township, Hamilton County, Ohio; that on June 4th, 1930 the City of Cincinnati passed an ordinance No. 345-1930 pretending to accept the application for annexation of the territory formerly known as Covedale, in which her property was located; that, thereafter, the Auditor of Hamilton County in accordance with the provisions of §3557-1 GC, caused a division of the unencumbered balance on hand in the treasury of Hamilton County, to the credit of Green Township on January 21st, 1930, which was the date on which the application for annexation was filed, to be made between said Green Township and the City of Cincinnati; that subsequent thereto the Auditor of Hamilton County made an allocation to the City of Cincinnati of the amount found due it and the Auditor reported his apportionment of the unencumbered balance and on March 18, 1931 Council of the City of Cincinnati by legislation duly accepted the apportionment and thereby completed the anexation of said territory.

Plaintiff, appellee, further alleges in her amended petition that the County Auditor

has placed upon the tax duplicate of Hamilton County her said property for the purpose of collection of taxes, and that said taxes have become a lien against the property of the plaintiff; that said assessment made by the County Auditor was made under the tax rate of the City of Cincinnati, to-wit: 22.10 mills for the entire year of 1930, and that the Treasurer of Hamilton county is attempting to collect said taxes so levied under the rate of the City of Cincinnati, for the entire year 1930. Plaintiff, appellee, alleges that there is included in said levy of 22.10 mills, a levy of 9.10 mills for the purpose of the City of Cincinnati, and that the City of Cincinnati is claiming said proportion of taxes for its purposes.

Plaintiff, appellee, alleges that the taxes so levied are illegally assessed against her property, and that it constitutes a taking of her property without due process of law, contrary to the Constitution of the United States.

Plaintiff prays for an order restraining the County Treasurer from the collection of said taxes. so levied against her property, and from paying over to the City of Cincinnati the taxes claimed to be due, for City purposes, and that the county Auditor be restrained from carrying on his tax duplicate the taxes so levied against plaintiff's property.

The issues were joined by answer and a reply.

The question here for determination is whether or not the City of Cincinnati is entitled to the amount levied for its use for the part of the year 1930, following the passage of the annexation ordinance by the City of Cincinnati. Plaintiff, appellee, claims in brief that the annexation was not completed until March, 1931, and that the City of Cincinnati is not entitled to 9.10 mills rate collection, since during a part of 1930 she was not in the City of Cincinnati, by reason of the failure of the City to pass the ordinance approving the auditor's apportionment until March, 1931; that the ordinance of June 4th, 1930 was not effective to give the City the right to collect these taxes.

ı The question therefore is, whether the annexation became effective by reason of the passage of the ordinance of June 4th, 1930, accepting the territory or by reason of the resolution approving the apportionment made by the Auditor. This question involves the construction and application of §§3556 and 3557-1 GC. §3556 GC, provides,

"When the resolution or ordinance accepting such annexation, has been adopted, the territory shall be deemed a part of the municipality, and the inhabitants residing thereon shall have all the rights and privileges of the inhabitants within the original limits of the municipality."

It is contended that the effective date of the annexation was postponed by §3557-1 GC, until "the passage of such resolution or ordinance shall be necessary to the validity of the annexation."

As a rule of construction, both sections must be given full force and effect, if possible. §3556 GC, is clear that the territory becomes annexed upon the passage of the ordinance, in this case, the ordinance of June 4th, 1930. §3557-1 GC, deals with the apportionment of indebtedness of the assumed territory and the division of the unencumbered funds.

Reading these two sections, it is clear, we think, that the annexation is completed under §3556 GC, by the passage of the resolution or ordinance in accordance with the provisions of this section, and that the annexation is voided by the City by its refusal, if there be such refusal of the City, to accept the auditor's apportionment of indebtedness and division of the funds. The refusal to accept such apportionment of indebtedness and division of funds would invalidate the resolution or ordinance accepting the annexation application. The converse must be true that the passing of the resolution accepting the apportionment of indebtedness and division of funds validates the annexation. It will be noted the language is "necessary to the validity of the annexation." In this case the annexation is the ordinance provided in §3556 GC. It, therefore, follows, that the annexation was valid and completed by the ordinance of June 4th, 1930, subject to being avoided by the failure or refusal óf Council of the City of Cincinnati to accept the apportionment provided for by the Auditor.

Having accepted the apportionment, the anexation is effective as of June 4th, 1930, and all acts and powers with reference to the inhabitants of the City are referred to and confered upon the City, and may not be voided at the instance of a resident of the annexed territory. The language of §3556 GC, is specific and clear. It provides: "the territory shall be deemed a part of the municipality and the inhabitants residing thereon shall have all the

rights and privileges of the inhabitants within the original limits of the municipality." Nothing further is suggested in the law to make annexation complete.

As before suggested, §3557-1 GC, provides with reference to the apportionment and division of funds and that the City may avoid its act by refusing to acept the apportionment and division, but nowhere is this right given to a resident of the annexed territory to void the annexation.

The case of **State ex rel. v Heuck, Auditor, 42 Oh Ap 367 (12 Abs 526)**, is cited as some support for the ground of the restraining order in this case. That case involved only the question of the apportionment by the County Auditor, which was challenged after the ordinance of acceptance was passed by council. Council sought to bring in money collected by the township under a former levy, and not considered by the Auditor in making the apportionment or division of unencumbered funds. This court held the City was not entitled to maintain such action. The action was one in mandamus. The court in effect held that if the City were held to have the right to maintain such action, the effect would be to defeat the annexation of the territory. This is in line with our holding in this case, that the annexation may be voided by the City by its refusal or failure to accept the apportionment. But, it having accepted the apportionment, it was bound by it, and the City could not thereafter change its act in passing the ordinance accepting the apportionment and thereby void the annexation.

Our conclusion is that the plaintiff is not entitled to the relief prayed for.

Judgment may be entered dismissing the petition.

TATGENHORST, PJ and ROSS, J, concur.