HARRY ROBINSON, PLAINTIFF, v. JOSEPH J. MUTNICK, JR., ET UX., DEFENDANTS.

Submitted February 7, 1925—Decided November 24, 1925.

1. An instruction to the jury that "it is the duty of a driver of a motor vehicle to have the same at all times, while it is being

operated, under such control that its operation will not become dangerous or be operated in such a manner as to do injury to other users of the highway," is erroneous, as it places the whole burden of avoiding a collision upon the driver of the car, without regard to the recklessness of a driver of another vehicle.

2. The driver of a motor vehicle is not obliged to stop his car when approaching a permanent obstruction which interferes with his view, but must proceed with such caution as the circumstances of the case require of a careful and prudent driver.

On defendants' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *William E. Holmwood.*

*Contra, Emil J. Hoos* and *William Newcorn.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought by the plaintiff to recover compensation for personal injuries received by him in a collision which occurred at the corner of Second and Liberty streets, in the city of Plainfield, between a bicycle upon which he was riding and an automobile, which was being driven by Mrs. Mutnick and owned by her husband. The trial resulted in a verdict in favor of the plaintiff for the sum of $2,500.

The plaintiff was riding his bicycle on Second street, traveling west, and when he reached the corner of Liberty street he turned south. The defendant Mrs. Mutnick was driving her husband's car northward on Liberty street. An overhead railroad bridge crosses Liberty street, about ten feet south of the intersection of the two streets, and is supported by stone abutments and steel pillars at the curbs of the street. The collision occurred just as the plaintiff was completing his turn into Liberty street, and as the defendant's car was emerging from under the railroad bridge. The plaintiff contended that the accident resulted solely from

the negligence of Mrs. Mutnick in the driving of the car. The defendants, on the other hand, asserted that it was due solely to the reckless riding of the plaintiff.

The trial court, in the charge to the jury, after dealing with the question of the alleged contributory negligence of the plaintiff, instructed them with relation to the obligation resting upon Mrs. Mutnick as she approached the intersection of the two streets; and the principal grounds upon which the defendants seek to have this rule made absolute are directed at alleged errors in law committed by the trial court in that part of its charge dealing with the scope of that obligation. The alleged erroneous instructions were contained in two requests to charge, which were submitted by counsel for the plaintiff, and adopted by the trial court. The requests were as follows: 1. "It is the duty of a driver of a motor vehicle to have the same at all times, while it is being operated, under such control that its operation will not become dangerous or be operated in such a manner as to do injury to other users of the highway." 2. "It is the duty of the driver of a motor vehicle to stop if such a driver comes to a position on the roadway where it is dangerous to others to proceed on account of obstruction, or other conditions in the roadway, making it dangerous, if such driver cannot proceed with safety to others."

The primary question before the jury was whether Mrs. Mutnick, in approaching the Second street crossing, had used the care which the law imposed upon her for the protection of persons coming to the intersecting point and traveling west on Second street; and the instructions complained of necessarily related to the scope of the duty resting upon her with relation to said persons. The extent of that duty, so far as it was dealt with in the first of the requests submitted by counsel for the plaintiff, was the subject of consideration by the Court of Errors and Appeals in *Geyer* v. *Public Service Ry. Co.,* 98 *N. J. L.* 470, and the true rule in that regard is stated in the opinion delivered in that case to be as follows: "It is the duty of a motorman of a trolley car, in approaching a street intersection, to have his car so far under control that he will

not endanger the safety of a vehicle *driven with reasonable care* that may happen to cross the tracks in front of the trolley car." The court further declared, in the cited case, that an instruction that the driver of a car must expect that other vehicles will cross his path at insersecting points, and must keep his car under such control as to avoid a collision at the intersection, was erroneous, for the reason that it placed, improperly, the whole burden of avoiding a collision upon the driver of the car without any regard to the recklessness of the driver of the other vehicle. Tested by the principle laid down in this opinion, the trial court, in charging the measure of the defendant driver's duty, so far as it was set forth in the first request, erroneously disregarded the limitations pointed out in the Geyer case. That this error was harmful to the defendant cannot be doubted. It necessitates the making of the present rule to show cause absolute.

We consider further that the instruction contained in the second request was also unsound in law, so far as its application to the facts in the present case were concerned. The obstruction to the view of Mrs. Mutnick, when traveling north on Liberty street, so far as her ability to see a person approaching the intersecting point, driving west on Second street, was concerned, was the pier of the railroad bridge; and it equally obstructed the view of the plaintiff of any person coming north on Liberty street. It was a dangerous intersecting point to each of them, and, it may be assumed, required unusual care on the part of each of them in approaching the intersecting point in order to avoid the danger of a collision. But the degree of care required of each of them did not include the obligation to stop because of the total obstruction to vision. The law requires the driver of a vehicle to stop when his vision is entirely obscured by a temporary obstruction, such as a dust cloud or a smoke screen, when his failure to do so would jeopardize the safety of others, and to remain at a standstill until the temporary obstruction has come to an end. *Anderson* v. *Public Service Corp.*, 81 *N. J. L.* 700. But the application of this rule in the case of a

permanent obstruction would be, practically, to close these two streets to north and westbound traffic; for the same danger which would require a driver of the car to stop would prevent him from again starting. The fallacy of such a proposition seems to us to be self-evident.

We have examined the other reasons upon which the defendants seek to have the present rule made absolute, but in view of the conclusion we have reached with relation to the matters already discussed, we find it unnecessary to deal with them.

For the reasons already given, the rule to show cause will be made absolute.