ASHDOWN, Admx. v. TRESISE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7391. Decided June 6, 1927.

225. CHARGE OF COURT—829. Negligence—Error for court to instruct jury that if they should find there was contributory negligence, there was no need to make further inquiry as to whether there was negligence.

18. AUTOMOBILES — 1053. Roads and Highways—Automobile, properly parked at curb, is not such obstruction as requires driver of other vehicle to be able to stop after seeing it in glare of his headlights.

480. EVIDENCE—Where there are no eye-witnesses to accident, evidence bearing upon habits of decedent who was killed therein, not admissible.

Error to Common Pleas.

Judgment reversed.

First Publication of this Opinion.

SULLIVAN, PJ.

The action below was for the wrongful death of the decedent of plaintiff in error, as a result of an automobile collision.

The automobile of Tresise was parked one foot from the curb, pointing in a northerly direction, and while so situated, the decedent, while operating a motorcycle, came in contact, in some way, with the parked automobile, as he was found dead, with his motorcycle overturned, some few feet distant from the automobile parked as noted. There were no eye witnesses and consequently the evidence, if it be of a substantive nature, as to the question, at least, of the proximate cause of the injury, is circumstantial, and consists of inferences, deductions and conclusions arising from the facts and circumstances of the case.

The jury, in the trial court, rendered a verdict in favor of the defendant.

Error is claimed in the charge of the court which is, in part, as follows:—

" * * * if, from a fair and impartial consideration in this case, you find that the plaintiff's decedent was negligent or that he was guilty of contributory negligence and that the negligence of the decedent was the proximate cause of this injury or accident, or that his negligence contributed in any manner to his injury or accident, then I say to you that would end your consideration of the case and your verdict should be for the defendant."

It is urged that the court accentuated and over emphasized the question of contributory negligence, and thus magnified it until the question was beyond those proportions in relation to the question of negligence itself which the law prescribes, so that the result was prejudicial to the plaintiff's cause, for the reason that its tendency was to create an impression in the minds of the jury as to the attitude of the court and that compliance with orderly procedure in the instructions to a jury was a duty ignored by the court.

The allegations of the petition charged negligence against the defendant, and if that negligence is the proximate cause of the death, the plaintiff is entitled to recover, unless he himself was guilty of contributory negligence as shown by way of defense in defendant's proof, or which arose while the plaintiff was making out his case to the extent at least of raising a presumption that had to be rebutted to entitle him to recover. This is the order following the pleadings and upon which the case itself, under the law, came into the court and was submitted to the jury, and, under the authority of the Supreme Court, very often set forth, it became the duty of the court to set forth the issues as they are raised in the pleadings, and in the manner as they are raised in the pleadings, when the manner and method conform to the law, as in the present case.

Contributory negligence, while fatal to a plaintiff, is a mere incident with respect to the question of negligence. The negligence of the defendant is the first inquiry of the jury, for the reason that there can be no contributory negligence unless there is negligence, and if no negligence is found, there is no need for any inquiry upon the question of contributory negligence.

Where the court instructed the jury that if they should find there was contributory negligence, there was no need to make any further inquiry as to whether there was negligence, because contributory negligence would, in and of itself, defeat recovery, the structurally, elementally and logically, in our judgment, does violence to the theory of negligence in a personal injury case, because contributory negligence, being a subsidiary element of the question of negligence itself, the latter must be considered, analyzed and determined before there can be an intelligent judgment as to whether contributory negligence exists.

In the instant case, because of the absence of eye witnesses, the case naturally hung upon the weight of a hair, and that might turn the scales one way or the other, depending upon the instructions to the jury; in a case so unusual and peculiar, and which necessitated deductions and inferences in order to reach a verdict which ordinarily is reached from the testimony of living witnesses and circumstances detailed by them in open court.

Another assignment of error is that prejudicial error was committed by the court when he gave the following charge:

"I say to you further that it was the duty of decedent, in driving his motorcycle * * *, to keep it under such control that the car could be stopped within the range of the light produced from the light thereon, and it was the duty of the plaintiff's decedent to operate his car at such a rate of speed that, if there was

an obstruction in the road or street, that he could stop within the distance that the obstruction could be seen from the light on his machine."

The charge above quoted was given as if this automobile, while it was parked under the provisions of the ordinance, was an obstruction. If such were a fact, then it was no less an obstruction when it was traveling upon the streets of the city. There is a difference between an obstruction in a highway and a vehicle which has a perfect right to travel on a highway, and under the instruction, as given, there was laid down before the jury as law, that a vehicle, like the one parked in the instant case, was an obstruction to the highway, and this being so, it involved the decedent in a legal responsibility which applies under the law to obstructions, but does not apply to vehicles which have a right on the highway, and whose exclusive purposes are for the highway alone. We think it was misleading and burdened the decedent with a responsibility as to the exercise of ordinary care, which the law did not impose upon him.

As to the exclusion of evidence bearing upon the habits of the decedent during his life time, in the absence of eye witnesses, while there are many authorities outside of Ohio, declaring such evidence competent, yet we do not feel that it is the doctrine in Ohio, notwithstanding such high authority as Jones on Evidence, which seems to bear out the theory of these decisions foreign to our state. If there were any ground for admitting such evidence, it would be upon the doctrine that such evidence is the best evidence of which the nature of the case is susceptible, but we do not think that that doctrine would apply in the present case Undoubtedly, as bearing upon this question, evidence could be offered as to the age, health and other similar matters of the decedent, and in addition thereto, the length of time he had driven an automobile, and evidence of that nature, we are not prepared to say, is incompetent, but where it is sought to introduce acts and conduct upon other occasions of a similar nature in order to prove the contention of the instant case, we are inclined to the opinion that it is contrary to sound legal doctrine as administered in Ohio.

Judgment reversed.

(Levine, J., concurs. Vickery, J., dissents.)

VICKERY, J., DISSENTING:

The error complained of and the reason given by the majority of the court for its reversal is in the charge of the court. I have gone over this charge very carefully, and I have read the analysis that the trial judge made on a motion for a new trial, and I cannot see how this charge could have misled the jury or have been prejudicial, and I think the case ought to have been affirmed.

The truth is that here was an automobile parked properly on the right side of the street, close to the curb, and I think the evidence shows conclusively, in this case, that there were tail lights burning and head lights burning, and that the owner of that automobile was guilty of no negligence whatever. True, there is some evidence on the part of the plain-

tiff below that when parties came there, some say that they did not see a tail light burning, but I think the overwhelming proof on that question was the other way, and the jury apparently took that view of it. The plaintiff's decedent was riding on a motorcycle, equipped with a side car and no one was in the side car. He was going in the same direction that the automobile was parked, that is, he came behind it, and apparently he forgot that he had a side car attched to his motorcycle, and he came too close to the automobile and the side car struck the automobile standing by the curb.

One would think, at first blush, that the court did dwell considerably upon the negligence of the plaintiff's decedent, but it must be remembered that there were no eye witnesses to this accident, and they could only surmise of the plaintiff's decedent's death by the results found after the accident, or rather the condition found after the accident.

The question as to whether there was negligence on the part of the defendant was plainly and accurately submitted to the jury, and the jury found there was no negligence. Then it became largely a question of the negligence of the plaintiff's decedent, not of contributory negligence, but the negligence of the plaintiff's decedent, which negligence was the proximate cause of this injury. The court, I think, reviewed that question fairly and fairly presented it to the jury, and the jury was left to draw its inferences from it and apparently drew them, that is, there was no negligence on the part of the defendant below, and that there was negligence on the part of the plaintiff's decedent, and that negligence was the proximate cause of his injury. That being the state of this record, I cannot accede to the judgment of the majority of this court. I think the judgment below was right, and I am constrained, therefore to dissent from the majority opinion.

Attorneys—Cline & Patterson and Louis H. Winch for Ashdown; Dustin, McKeehan, Merrick, Arter & Stewart for Tresise; all of Cleveland.