**GASKILL, Adm'r v SCHAEFFER**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1097. Decided Jan 11, 1932

William A. Petit, Dayton, for plaintiff in error.

Marshall & Harlan, Dayton, for defendant in error.

HORNBECK, J.

The errors asserted are general and test the weight of the evidence, and the law of the case as relates to the charge of the court.

It is urged that the court in the general charge erred in failing to define with more particularity the meaning of "within the assured clear distance ahead," as found in §12603 GC. This claim is not tenable. The charge followed the language of the statute. No request was made for more specific instructions. The exceptions noted to the charge were general. This reaches errors of commission only. There was no error in the charge as given. If the language of the statute is plain it required no ellucidation. If counsel for plaintiff believed it to be doubtful his course is laid down in the 5th proposition of the syllabus of **John Schneider v Sarah Hosier, 21 Oh St, 98.**

"The omission of a court, in its charge to the jury, to define or explain doubtful words or phrases contained in a statute upon which the action is founded, does not constitute a ground of reversal, unless such definition or explanation was requested."

Consideration is given to a charge involving that portion of §12603 GC under consideration, in **Ashdown v Tresise, 26 Oh Ap, 575 (5 Abs 623)**, affirmed without opinion in **118 Oh St, 309.**

The next claim is that the court erred in charging contributory negligence. Contributory negligence was not plead, but it was the duty of the trial court to charge on the subject if it may be inferred from the evidence, whether pleaded or not.

**Speer v Bishop, 24 Oh St, 602**

**Banta v Martin, 38 Oh St, 534**

**Benninger v Hess, 41 Oh St, 69**

**Glass v William Heffron Co, 86 Oh St, 70**

**Rayland Coal Co v McFadden, Admr, 90 Oh St, 183**

**Gibbs v Scioto Valley Ry. & Power Co., 111 Oh St, 498**

**Bradley v Cleveland Ry Co., 112 Oh St, 35.**

The charge treated of various phases of

negligence as related to plaintiff's decedent, pages 121, 122 of the record. The specific obligations enjoined upon her were considered at length. The jury was instructed that it should find for the defendant if decedent's injuries were the result of her sole negligence, or of her contributory negligence. Contributory negligence was treated in detail. The jury was charged that the burden of proving contributory negligence was on the defendant unless the evidence submitted by the plaintiff raised a presumption of negligence on the part of plaintiff's decedent, in which event the burden rested upon the plaintiff to remove such presumption before he can recover.

It being admitted that the defendant without suggestion or interference was driving the car at and prior to the collision decedent's negligence in no view of the case under the evidence could have been the sole cause of the collision. Nor could her negligence appear from plaintiff's witnesses for none of them knew anything about her conduct at any time prior to the accident.

We have no doubt then, that the charge was erroneous in the particulars wherein the jury was permitted to determine whether or not the sole negligence of plaintiff's decedent caused her injuries and death, and in leaving to the jury the question whether or not contributory negligence of plaintiff's decedent might be inferred from the evidence offered by the plaintiff.

But was there any evidence from which inference could properly be drawn that plaintiff's decedent was negligent? She is entitled to the presumption of due care unless and until something appears to the contrary.

Street R. R. Co. v Noltheniu₴ 40 Oh St 379

Myers, Admr., v N. & W. R. R. Co. et, 122 Oh St, 557.

The defense offered one witness, the defendant.

His sole claim was that he was not negligent, that while driving at a reasonable rate of speed as he entered the bridge the brilliant light of an approaching automobile blinded him, causing the collision. His position is that the occurrence causing the collision was so sudden that he had no time to stop before the impact. He claims due care, reasonable speed and unavoidable accident. The only reference to the conduct of plaintiff's decedent is at page 113 of the record on cross examination.

"A. She didn't like to drive fast.
Q. Had she protested?

A. She never protested. She never had the opportunity to. I never drove fast."

The defendant charges no negligence against her, but, on the contrary, says there was no necessity of warning. Defendant's testimony cannot be given a more favorable interpretation than he himself puts on it. So, that giving to defendant's testimony all that he can possibly claim for it against plaintiff's decedent, it does not impute negligence to her. Thus, as to plaintiff's decedent, nothing appears from either side of the case which even suggests negligence against her and there is no dispute on this question in the record.

Because of the extended consideration given in the charge to the question of the negligence of plaintiff's decedent and her obligations as a guest, the jury may have concluded that inasmuch as it does not appear that she had done something or said something prior to the collision she was negligent and, therefore, her representative, plaintiff, was not entitled to recover. The conduct of defendant respecting due care, speed of the automobile whether or not he was approaching any automobile as he entered the bridge and unavoidable accident are all in controversy under the evidence.

The sole issue then was, whether or not the defendant was negligent and, if so, did his negligence proximately cause the injuries and consequent damages. This was recognized and properly stated by the court in the early part of the charge but later digression was made by recognizing that contributory negligence was in the case.

As the negligence of plaintiff's decedent could not be inferred from any of the testimony, it was prejudicial error to charge it in any form whatever.

Traction Co. v Stevens, 75 Oh St, 171
Brooks v Lindsay, 17 Oh Ap, 225
Aetna Insurance Co. v Reed, 33 Oh St, 283.

The court following the theory of contributory negligence logically charged on the burden of proof which had harmful effect on the rights of plaintiff. If we had found that there was contributory negligence in the case we would not have reversed upon the charge respecting the burden of proof. But, inasmuch as we have the charge before us, we would respectfully call attention to parts of the charge found at pages 125 and 128, which though not intended to improperly place the burden of proof respecting contributory negligence might be understood by the jury so to do.

It is fundamental that it is not necessary for a party against whom negligence is asserted to prove that he was not negligent; that he exercised due care. The court should keep before the jury upon whom the burden rests on the respective issues of negligence and contributory negligence. A plaintiff is entitled to recover if defendant's negligence proximately causing his injury is proven by a preponderance of the evidence unless contributory negligence may be inferred or is proven. See **Brinkman v The Cuyahoga Lumber Co., 16 C. C. (N.S.), 537; Traction Co. v Dorenkemper, 13 O.C.C. (N.S.), 97, affirmed 93 Oh St, 500; Lopa v Smith, 37 Oh Ap, 349 (8 Abs 415); Montanari v Haworth, 108 Oh St, 14; Cleveland Railway v Goldman, 122 Oh St, 73; Rosa Rapp v Magdalene Becker et, 4 O.C.C., (N. S.), 139.**

It is urged by counsel for defendant that the two issue rule applies. That, as there is a general verdict, we cannot determine upon which of the two issues presented, viz, the negligence of the defendant, and the contributory negligence of plaintiff's decedent, the jury based its verdict. The rule applies only where there are two or more issues which upon the facts were required to be presented to the jury.

We do not find that the verdict is manifestly against the weight of the evidence.

For the errors in charging on the subject of the negligence of plaintiff's decedent, which we find to have been prejudicial to plaintiff, the cause is reversed and remanded.

ALLREAD, PJ, and KUNKLE, J, concur.