E. R. JOHNSON v. HOFFLER AND BONEY TRANSFER COMPANY, A CORPORATION.

(Filed 22 March, 1933.)

1. **Jury A d—Plaintiff is entitled to question jurors in good faith relative to their connections with liability insurance companies.**

   In an action involving negligence in causing an automobile collision, counsel for plaintiff is entitled to ask the jurors whether they are connected with any liability insurance companies when such questions are asked in good faith and solely for the purpose of ascertaining whether the jurors are affected by partiality or bias, and whether good faith is exercised must ordinarily be left to the sound discretion of the trial court, and in this case defendant's objections to the questions are not sustained, there being nothing in the record to show bad faith.

2. **Highways B o—Nonsuit is properly refused where more than one inference can be drawn from evidence on issue of contributory negligence.**

   In this action to recover damages resulting from a collision on a highway there was evidence tending to show that plaintiff ran his automobile into defendant's truck which was parked across the hard surface at an angle without lights. Defendant moved for a nonsuit on the ground that plaintiff could have seen the truck and would have avoided the injury had he used due care: *Held*, the motion as of nonsuit was properly refused, since more than one inference could be drawn from the evidence as to whether plaintiff was guilty of contributory negligence.

APPEAL by defendant from *Daniels, J.*, at September Term, 1932, of MARTIN. No error.

This is an action to recover damages for injury to person and property, growing out of a collision of the plaintiff's car with a truck owned by the defendant and operated by its employees.

The plaintiff offered evidence tending to show that on 3 November, 1931, between eight and eleven o'clock at night he was traveling southward in a Chevrolet car on Highway No. 40 between Wilson and Fremont at about 35 miles an hour; that his lights were burning; that his car was on the right side of the paved road and was under control; that he could have stopped within the range of his lights; that the defendant negligently left its truck, more than 26 feet in length, standing diagonally on the highway without lights; that its flat body was thirty-eight inches from the ground and extended more than eight feet behind the rear axle; that by reason of the defendant's negligence his car struck the truck and was badly damaged and that he was seriously and permanently injured.

The defendant denied negligence, denied that the truck had obstructed the part of the highway on which the plaintiff should have been traveling, and alleged that owing to a sudden and unexpected break in the electrical apparatus the front and rear lights went out and the truck rolled to the left side of the road onto the shoulder, leaving a small part of the body on the pavement; that an extension dash light, still burning, was affixed to the rear of the truck; that the defendant was in no respect negligent; and that the collision and consequent injury were due to the contributory negligence of the plaintiff.

Issues of the defendant's negligence, the plaintiff's contributory negligence, and damages were answered in favor of the plaintiff, and the defendant appealed.

*W. S. Wilkinson, R. D. Johnson and Coburn & Coburn for appellant.*
*J. C. Smith, Hugh G. Horton and A. R. Dunning for appellee.*

ADAMS, J. For the purpose of ascertaining whether the jury was affected by partiality or bias, counsel for the plaintiff inquired whether any juror represented an automobile liability insurance company or any insurance company, or worked for an agent of either of such companies, or had sold liability insurance. The defendant's objection to the evidence was overruled. We find nothing in the record to indicate that the questions were asked in bad faith or from improper motives. When such questions are asked in bad faith a recovery by the plaintiff should not be allowed to stand; but whether good faith has been exercised is a matter which must ordinarily be left to the sound discretion of the trial court. *Featherstone v. Cotton Mills,* 159 N. C., 429; *Goss v. Williams,* 196 N. C., 214, 223. In *Fulcher v. Lumber Co.,* 191 N. C., 408, it is said: "We cannot hold, where an attorney for a party to an action, in the performance of his duty, and in the exercise of his right, as such attorney, inquires of jurors tendered to plaintiff, if any of them sustains

such relation to an association or corporation, not a party to the action, which he knows or in good faith believes has an interest in the verdict which may be rendered, by reason of a contract, indemnifying the adverse party from loss by reason of such verdict, as would render the juror incompetent if such association or corporation was a party to the action, that the inquiry is in itself so prejudicial to defendant that defendant is entitled to have an adverse verdict set aside and the judgment reversed for this reason alone. The association or indemnity company is not ordinarily a proper party to the action, *Clark v. Bonsal,* 157 N. C., 270; it has, however, such an interest in the result of the action that no agent or employee can be held a competent juror to pass upon the issues between the plaintiff and the defendant of record. Plaintiff is entitled to know before the jury is empaneled, whether any juror is an agent of such a corporation, or a member of such an association." The first seven exceptions are, therefore, overruled.

The motion for nonsuit is without merit. It is founded on the theory, not that there is no evidence of the defendant's negligence, but that the plaintiff's negligence was the proximate cause of his injury. The defendant contends as a matter of common knowledge that the plaintiff could not have driven his car under the conditions described by him without seeing the truck in time to avert the collision by the exercise of due care. This position is taken in disregard of the fact that more than one inference may be drawn from the testimony and of the fact that it was permissible for the jury to find, as the verdict establishes, that the plaintiff was not negligent.

There is an exception to one clause in the instructions given the jury but it is so obviously untenable as to require no discussion. The case was carefully tried and the defendant was given the full benefit of such principles of law as were applicable to its defense.

No error.