## MORRIS v. SELLS–FLOTO CIRCUS, Inc.
### No. 3455.

Circuit Court of Appeals, Fourth Circuit.

June 15, 1933.

H. G. Hedrick, of Durham, N. C. (L. P. McLendon, of Durham, N. C., on the brief), for appellant.

Wm. B. Jones, of Raleigh, N. C. (L. S. Brassfield, of Raleigh, N. C., and John M.

Kelley, of New York City, on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and ERNEST F. COCHRAN, District Judge.

NORTHCOTT, Circuit Judge.

This is a suit at law instituted originally in the superior court of Durham county, state of North Carolina, by appellant (here referred to as plaintiff) against appellee (here referred to as defendant) and removed by the defendant to the District Court of the United States for the Eastern District of North Carolina. A trial was had in November, 1932, and after the witnesses were examined the trial judge directed a verdict, on the issues presented, for the defendant, from which action this appeal was brought.

The defendant is an Indiana corporation operating a circus, and on the night of September 10, 1930, after a performance in the city of Durham, was engaged in moving its circus equipment over state highway No. 10 and among other vehicles was using a large freight wagon heavily loaded with seats and tent poles. This wagon was of a dark color and was drawn by six horses, was traveling along the highway, and had no light showing in its rear. The accident occurred between 11:30 and 12 o'clock at night. The street was only partially lighted, the accident occurring at a point about halfway between two arc lights about 1,100 or 1,200 feet apart. The highway was about 30 feet wide and the plaintiff, who had attended the circus performance, was in an automobile with one George Jackson. Jackson was driving and near the place where the accident happened the headlight of an approaching automobile interfered with Jackson's vision and he ran into the circus wagon wrecking the car and injuring the plaintiff and himself. Jackson testified that at the time of the accident he was driving between 18 and 20 miles an hour and had slowed up somewhat on account of the lights of the approaching automobile. There is little, if any, dispute as to the facts.

It was stipulated that the plaintiff and his companion were engaged in a joint enterprise and that the negligence of one is imputable to the other.

■ It being evident that the defendant was guilty of negligence in using the wagon without a light, the only question to be considered is whether, under the evidence, contributory negligence on the part of the plaintiff was so clearly established that the minds of reasonable men could not differ with regard to the conclusion to be reached.

■ "It is the duty of the Court, in considering a motion to direct a verdict, to take that view of the evidence most favorable to the party against whom it is desired that the verdict should be directed, and to determine the matter from that evidence, and reasonable and justifiable inferences therefrom. If, from the evidence thus viewed, fairminded men might draw different conclusions honestly, the motion should be denied and the case submitted to the jury." Hughes, Federal Practice, vol. 6, § 3825.

■ "In the Federal Courts when the evidence points so unmistakably to one conclusion that no fair minded and intelligent man could come to any other, the Court will instruct the jury to find a verdict accordingly. Such instruction will be given although there may be a scintilla of evidence on the other side. The Court will direct a verdict for one party in those cases in which it would feel bound to set aside a verdict for the other. This is contrary to the practice prevailing in some of the States." Rose's Federal Jurisdiction and Procedure (4th Ed.) § 529.

It is not necessary to cite additional authorities to the effect that what is known as the "scintilla rule" of evidence does not apply in federal courts.

■ A full and complete discussion of the point as to when the question of contributory negligence is one for the jury and when it becomes a question of law for the court will be found in Chesapeake & Ohio Ry. Co. v. Waid (C. C. A.) 25 F.(2d) 366. There Judge Parker, of this court, analyzes the authorities and shows conclusively that it is only where the facts are such that all reasonable men must draw the same conclusion does the contributory negligence of the plaintiff become a question of law for the court. Otherwise it is a question of fact for the jury. This reasoning of Judge Parker as to a railroad crossing case, such as the Waid Case, applies with greater force where the plaintiff was using a highway open to all and not crossing a track exclusively used for railroad purposes.

■ Courts have always been slow to interfere with the right of a jury to settle questions of fact, and only in cases where the necessity for so doing is clear and imperative will the courts take a question of fact away from a jury.

■ The statutes of North Carolina require all vehicles to be equipped with lights visible

for a distance of not less than 500 feet both from the front and the rear of the vehicle. See N. C. Code 1931, § 2621 (89). The North Carolina statutes also make it unlawful for any person to drive a vehicle upon a highway carelessly and heedlessly or at other than a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, etc., N. C. Code 1931, §§ 2621 (45), 2621 (46) subd. (a). There is a conflict of decisions in various states as to the rule of law to be applied to accidents happening when there is a collision between an automobile and an object on a public highway, under conditions here shown to exist. On behalf of the defendant what has been termed the Wisconsin rule is relied upon. This rule is laid down in Lauson v. Fond du Lac, 141 Wis. 57, 123 N. W. 629, 25 L. R. A. (N. S.) 40, 135 Am. St. Rep. 30, and it is contended that the court there held that a person driving an automobile at night on a highway must drive his car at a rate of speed so that he can come to a standstill within the distance in which he can plainly see an object on the road, otherwise he is guilty of contributory negligence. The Legislature of Wisconsin has adopted this rule by enacting it into law and it has been followed in some states.[1]

. In a number of states it has been held that the question whether or not the driver of an automobile, under like conditions, is guilty of contributory negligence, is a question of fact for the jury under the circumstances of each case.[2] As was said by the Court in Murphy v. Hawthorne, 117 Or. 319, 244 P. 79, 80, 44 A. L. R. 1397: "While there is authority to the contrary, we believe the better reasoned cases support the holding that whether plaintiff failed to exercise due care to avoid the collision was a question of fact for the jury."

An examination of the numerous decisions on this question leads us to the conclusion that the better rule is that except where the evidence is so conclusive that there could be, in the minds of reasonable men, no doubt as to the plaintiff's negligence contributing to the injury, that question should be left to the jury. In Morehouse v. City of Everett, 141 Wash. 399, 252 P. 157, 160, 58 A. L. R. 1482, the court, in discussing the so called Wisconsin rule, well said:

"* * * The rule contended for is, in our opinion, entirely too broad, and, if put in effect, would have very serious and unjust results. It loses sight of the fact that one driving at night has, at least, some right to assume that the road ahead of him is safe for travel, unless dangers therein are indicated by the presence of red lights; it does not take into consideration the fact that visibility is different in different atmospheres, and that at one time an object may appear to be 100 feet away, while at another time it will seem to be but half that distance; it fails to consider the honest error of judgment common to all men, particularly in judging distances at night; it loses sight of the fact that the law imposes the duty on all autos traveling at night to carry a red rear light and the duty on all persons who place obstructions on the road to give warning by red lights or otherwise; it fails to take into consideration the glaring headlights of others and the density of the traffic and other like things which may require the instant attention of the driver; it does not take into consideration that a driver at night is looking for a red light to warn

[1] Among other cases relied upon on behalf of the defendant are the following: Davis v. Jeffreys, 197 N. C. 712, 150 S. E. 488; Hughes v. Luther, 189 N. C. 841, 128 S. E. 145; Holsaple v. Superintendents of Poor, 232 Mich. 603, 206 N. W. 529; Weston v. Southern Railroad, 194 N. C. 210, 139 S. E. 237; Phillips et ux. v. Davis, Agent (C. C. A.) 3 F.(2d) 798, 40 A. L. R. 1241; Serfas v. L. & N. E. R. Co., 270 Pa. 306, 113 A. 370, 14 A. L. R. 791; Kelly v. Knabb, (D. C.) 300 F. 256; Simrell et ux. v. Eschenbach, 303 Pa. 156, 154 A. 369; Haines v. Carroll, 126 Kan. 408, 267 P. 986; Gleason v. Lowe, 232 Mich. 300, 205 N. W. 199; Greenland v. Des Moines, 206 Iowa, 1298, 221 N. W. 953; Bong v. Webster, 217 Ky. 781, 290 S. W. 662; Dominick v. Haynes Bros., 13 La. App. 434, 127 So. 31; Nikoleropoulos v. Ramsey, 61 Utah, 465, 214 P. 304; Keene v. Pacific Northwest Traction Co., 153 Wash. 310, 279 P. 756; Robinson v. Mutnick, 102 N. J. Law, 22, 131 A. 67; Fisher v. O'Brien, 99 Kan. 621, 162 P. 317, L. R. A. 1917F, 610; Harnau v. Haight, 189 Mich. 600, 155 N. W. 563; Spencer v. Taylor, 219 Mich. 110, 188 N. W. 461; Solomon v. Duncan, 194 Mo. App. 517, 185 S. W. 1141; Webster v. Pollock, 15 Ohio App. 102; West Constr. Co. v. White, 130 Tenn. 520, 172 S. W. 301.

[2] Among the cases relied upon on behalf of the plaintiff to support this rule of law are the following: Wurl v. Watson, 67 Cal. App. 625, 228 P. 43;

Haynes v. Doxie, 52 Cal. App. 133, 198 P. 39; Ross v. Hoffman (Mo. App.) 269 S. W. 679; Hatch v. Daniels, 96 Vt. 89, 117 A. 105; Tutsch v. Omaha Structural Steel Works, 110 Neb. 585, 194 N. W. 731; Bancroft v. East Montpelier, 94 Vt. 163, 109 A. 39; Mostov v. Unkefer, 24 Ohio App. 420, 157 N. E. 714; Morehouse v. City of Everett, 141 Wash. 399, 252 P. 157, 58 A. L. R. 1482; Powell v. Schofield, 223 Mo. App. 1041, 15 S.W.(2d) 876; Devoto v. United Auto Transportation Co., 128 Wash. 604, 223 P. 1050; Bridgen v. Pirozzi, 97 N. J. Law, 535, 117 A. 602; Kaufman v. Hegeman Transfer, etc., 100 Conn. 114, 123 A. 16; Hallett v. Crowell, 232 Mass. 344, 122 N. E. 264; Owens v. Iowa County, 186 Iowa, 408, 169 N. W. 388; Robinson v. Pa. Rwy. Co., 117 Ohio St. 43, 158 N. E. 83; Ashdown v. Tresise, 26 Ohio App. 575, 160 N. E. 502; Koplovitz v. Jensen, 197 Ind. 475, 151 N. E. 390; Williams v. Express Lines, 198 N. C. 193, 151 S. E. 197; Hanno v. Motor Freight Lines, 17 La. App. 62, 134 So. 317; Standard Oil Company of New York v. Johnson (C. C. A.) 299 F. 93; Kopper v. Burnhardt, 91 N. J. Law, 697, 103 A. 186, 106 A. 893; Kendall v. Des Moines, 183 Iowa, 866, 167 N. W. 684; Johnson v. Hoffler & Boney Transfer Co., 204 N. C. 420, 168 S. E. 495; Filer v. Filer, 301 Pa. 461, 152 A. 567.

him of danger, and not for a dark and unlighted auto or other obstruction in the road.

"We believe that, generally speaking, where the statutes or the decisions of the courts require red lights as a warning of danger on any object in the highway and such lights are not present, it is a question for the jury to determine whether the driver at night should have seen the obstruction, notwithstanding the absence of red lights. * * * "

In discussing this question in a recent case (Johnson v. Hoffler & Boney Transfer Co., 204 N. C. 420, 168 S. E. 495, 496) the Supreme Court of North Carolina said: "The motion for nonsuit is without merit. It is founded on the theory, not that there is no evidence of the defendant's negligence, but that the plaintiff's negligence was the proximate cause of his injury. The defendant contends as a matter of common knowledge that the plaintiff could not have driven his car under the conditions described by him without seeing the truck in time to avert the collision by the exercise of due care. This position is taken in disregard of the fact that more than one inference may be drawn from the testimony, and of the fact that it was permissible for the jury to find, as the verdict establishes, that the plaintiff was not negligent."

In reaching our conclusion that the better rule is to leave the facts of each particular case to the jury, unless the evidence is clear and unmistakable, we are influenced by a number of reasons.

■ To hold that persons traveling a public highway in an automobile, at night, must at all times be ready to stop instantly, would be to lay down a rule that would greatly impede traffic. The rate of progress would be so slow that all travel would be practically prohibited. Those using the public highway have a right to place some reliance upon the law prohibiting obstruction of the highway, unless the obstruction be marked by a light, as required by the North Carolina statute. Such a holding by the courts would encourage the lawless placing of obstructions on the highway by persons inclined to be careless or lawless and would make travel over the highways in the nighttime much more hazardous than it now is or should be; would be contrary to the spirit of modern progress; and would virtually repeal statutes requiring the carrying of lights by vehicles on the highways, as far as any civil liability is concerned.

■ The defendant was admittedly negligent, and was acting in violation of the state statute in moving the wagon over the highway without proper lights. The evidence that the plaintiff was guilty of negligence and that that negligence contributed to the accident is not so conclusive that fair-minded and intelligent men could not differ as to the conclusion to be reached. On the contrary, a study of the evidence convinces us that reasonable minded men might well differ as to whether the plaintiff was guilty of contributory negligence in the instant case. The question should have been submitted to the jury.

The court was in error in instructing a verdict for the defendant, and the judgment of the court below is accordingly reversed.