## IMPERIAL TOBACCO CO., LIMITED, OF GREAT BRITAIN AND IRELAND v. LAMBE et al.

### No. 3840.

Circuit Court of Appeals, Fourth Circuit.

April 22, 1935.

J. H. Folger, of Mt. Airy, N. C., for appellant.

A. E. Tilley and E. C. Bivens, both of Mt. Airy, N. C. (H. O. Woltz, of Mt. Airy, N. C., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is an action at law tried in November, 1934, in the District Court of the United States for the Middle District of North Carolina, in which the appellees were plaintiffs, and the appellant was defendant. After the taking of evidence by both sides, the jury found that the plaintiffs had been injured by the negligence of the defendant and fixed the damages of the three plaintiffs at various amounts. Upon this verdict, the judge below entered judgment, from which judgment this appeal was brought.

A truck owned by the defendant, heavily loaded with tobacco, was being driven by one of defendant's employees along the road from Mt. Airy, south toward Winston-Salem, N. C., on the 15th of December, 1933. The truck left Mt. Airy after dark the day of the accident and on an upgrade, in the vicinity of Pilot Mountain, was struck from behind by an automobile driven by one Otis Johnson, in which automobile the plaintiffs were riding. The automobile was badly damaged, and all its occupants were injured.

There was a conflict in the evidence offered at the trial. Some of the witnesses testified that the rear lights of the truck were not lighted, and that, at the time of the accident, the truck was not moving, but was standing still. There were other differences in the stories told by the various witnesses as to the conduct of the driver of the truck, and as to the rate of speed at which the automobile was being driven at the time of the accident. The driver of the truck testified that the rear lights on the truck were burning, and evidence tending to corroborate him was offered.

The only question raised on appeal is that the trial court erred in denying the defendant's motion for judgment as of nonsuit or dismissal on the ground that the plaintiffs had not shown negligence on the part of the defendant which was the proximate cause of the injury to the plaintiffs.

Every point raised on behalf of the defendant has been fully discussed by us in the case of Morris v. Sells-Floto Circus, 65 F.(2d) 782, a case in which the facts were similar to those here. The jury decided the conflict in the evidence in favor of the con-

tentions of the plaintiffs, and a study of the record convinces us that the jury reached the proper conclusion. Under the principles of law laid down by us in the Sells-Floto Circus Case, supra, the trial judge was correct in his ruling, and upon the authority of that case the judgment of the court below is affirmed.