STOKES et al.   v.   TOWE.
No. 6799.

United States Court of Appeals
Fourth Circuit.

Argued June 14, 1954.

Decided July 16, 1954.

Armistead .W. Sapp, Greensboro, N. C., for appellants.

Roy L. Deal, Winston-Salem, N. C. (Fred S. Hutchins and John M. Minor, Winston-Salem, N. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for plaintiff, 117 F.Supp. 880, in an action for damages growing out of an automobile collision. The only substantial question raised by the appeal relates to the correctness of the judge's finding as to the absence of contributory negligence. Defendants had left their tractor-trailer truck, which had broken down, parked upon the highway in the darkness of the night without adequate warning lights as required by statute. Plaintiff, who was driving her automobile at a moderate rate of speed, did not discover the presence of the tractor-trailer until too close to avoid running into it. There can be no question as to the negligence of defendants and the question of plaintiff's contributory negligence was clearly one of fact as to which we would not be justified in disturbing the finding of the trial judge. There is evidence tending to show that she could not have turned out to avoid the tractor-trailer because of the approach of a car in the other lane, that she applied her brakes but that her car skidded and she released them, as she had been taught was the proper thing to do under the circumstances, and that the collision occurred before she could apply them again. With respect to the alleged contributory negligence of plaintiff the judge made the following findings, which are sustained by the testimony:

"13. The plaintiff was operating her automobile at a moderate rate of speed approximately 30 miles per hour over this practically straight road of a distance of about 1000 ft. before the scene of the collision. She had no knowledge that the road was obstructed with the truck and no reason to anticipate or to foresee that it was so obstructed. And by reason of her ignorance of its presence when she arrived within approximately 2 or 3 car lengths of it she applied her brakes but her car skidded without any negligence on her part, she released her brake and applied it again but by that time her car crashed into the rear end of the trailer.

"14. When she discovered the presence of the unlighted tractor and attempted to stop the car a sudden emergency was created without any fault on her part and it did not appear to her possible to go to the left of the trailer without running into the lighted vehicle that was standing along-side of it to her left.

"15. The plaintiff was not negligent in the manner in which she operated her car nor did she do or fail to do anything which a person of ordinary prudence would have done or failed to do under similar circumstances.

"16. While it is true that she testified that she was operating a car with dim lights and picked up the truck in the range of her lights at about three car lengths and that she could have stopped her car under normal conditions, yet I find that it was foggy and the pavement was wet and the truck was blocking her line of traffic completely without any lights to warn her or without any warning in any respect and that her left lane of traffic appeared to be blocked by the on-coming car, thus cutting off her opportunity to go to the left and avoid the collision.

"17. The emergency was created wholly by the negligence of the defendants in obstructing the highway for almost two hours without giving reasonable warning to the traveling public of this obstruction. * * * ".

Defendants rely upon a statement of plaintiff to the effect that if the road had not been wet and slick, she could have stopped at the speed she was going in time to have avoided the collision, arguing that in view of the condition of the road, plaintiff should have driven more slowly so as to be able to stop within the range of the headlights of her car. The questions thus raised, however, were peculiarly questions of fact and we are satisfied that the answers given them by the able trial judge were correct. Certainly we would not be justified in holding that they were clearly wrong. See Thomas v. Thurston Motor Lines, 230 N.C. 122, 52 S.E.2d 377; Chaffin v. Brame, 233 N.C. 377, 64 S.E.2d 276; Bryant v. Watford, 240 N. C. 333, 81 S.E.2d 926; Morris v. Sells-Floto Circus, 4 Cir., 65 F.2d 782; Imperial Tobacco Co. v. Lambe, 4 Cir., 77 F.2d 90; United States v. First Citizens Bank & Trust Co., 4 Cir., 208 F.2d 280. The controlling legal principles are fully discussed in the opinion of the trial judge and nothing need be added to what was there said.

Affirmed.