**BUTCH, Plaintiff-Appellant, v. BELL, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3918.  Decided October 16, 1957.

Marvin Traxler, Youngstown, for plaintiff-appellant.
Harrington, Huxley & Smith, Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, J.

The trial judge overruled plaintiff's motions for a new trial and for

judgment to be entered in his favor notwithstanding the verdict of the jury rendered for defendant and entered judgment for defendant. From that judgment plaintiff appealed to this court on questions of law.

Plaintiff was operating an automobile in an easterly direction on Midlothian Boulevard, and defendant was operating an automobile in a southerly direction on Market Street near the intersection of Market Street and Midlothian Boulevard in Youngstown about midnight on January 19, 1955.

Traffic at that intersection is controlled by an electrically operated traffic light.

The controversy between the parties revolves around the question which of the parties, if either, operated his automobile in violation of law. Thus a jury question was presented.

Each of the parties testified that he operated his respective motor vehicle in accordance with the electrically controlled traffic signal light.

Plaintiff claims that "the trial court committed prejudicial error in its charge to the jury," "together with special charge particularly the charge on the question of contributory negligence," which was not pleaded and allegedly not raised by the evidence.

It is the rule in Ohio that a charge upon contributory negligence is prejudicially erroneous in a case wherein the issue is neither raised by the pleadings nor the evidence. See **Cincinnati Traction Company v. Forrest, 73 Oh St 1; Brown, Admr. v. Wells Construction Company, 45 Abs 300; Britton v. City of Lakewood, 89 Oh Ap 150;** and **Gaskill, Admr. v. Schaeffer, 13 Abs 227.**

There is evidence that the defendant pleaded guilty to reckless driving at the time of the collision. It is upon this evidence that plaintiff primarily bottoms his right of recovery against defendant.

There is evidence that each of the parties entered the intersection in violation of law thereby giving rise to the issue of contributory negligence.

We shall not waste many words disposing of the plaintiff's claims that the "trial court erred in overruling plaintiff's motions for judgment notwithstanding the verdict and for a new trial" as the experienced trial judge knew the value of those claims and disposed of plaintiff's motions properly. Nor is it necescsary to detail our reasons for finding no merit in plaintiff's claims that the "judgment of the trial court is not supported by any evidence," nor "contrary to the manifest weight of the evidence," nor that the verdict of the jury is contrary to law.

In a well written dissenting opinion filed in Haley v. Ohio, United State Reports, Volume 332, Page 624, it is stated:—

"Until a better way is found for testing credibility than by the examination of witnesses in open court we must give trial courts and juries that wide discretion in this field to which a living record, as distinguished from a printed record, logically entitles them. In this living record there are many guideposts to the truth which are not in the printed record. Without seeing them ourselves we will do well to give heed to those who have seen them."

A jury may and could have found from the evidence that defendant

was guilty of negligence and that plaintiff was negligent also and that his negligence contributed to his injury.

We do not believe that the trial judge erred to defendant's prejudice in his charge to the jury.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, GRIFFITH, J, concur.