## DOWLING & ALLGOOD, Appellant, v. WILBER WOOD.

**Garnishment:** PERSONAL EARNINGS: EXEMPTIONS. A debtor, though
1 the head of a family, who induces his creditor to bring suit on his claim and to garnish his exempt personal earnings, is estopped from subsequently asserting his exemption in the garnishment proceedings.

**Sale of exempt property.** Code, section 2906, relating to mortgages
2 of personal property, does not affect the sale or assignment of exempt property by the husband, independent of the wife.

*Appeal from Dallas District Court.*— HON. J. H. APPLE-GATE, Judge.

THURSDAY, OCTOBER 20, 1904.

ACTION was brought before a justice of the peace, aided by an attachment, to recover an indebtedness of $40.98. Defendant moved for release of money attached by garnishment in the hands of the Chicago, Milwaukee & St. Paul Railway Company on the ground that he was a married man, and that the sum for which the railroad company was garnished was due him as personal earnings, and therefore exempt under the provisions of Code, section 4011. By way of resistance to this motion it was alleged for the plain-

tiffs that the action was instituted and the railway was garnished at the request of defendant, and that the expense of instituting the action had been incurred in reliance upon such request. The justice overruled a motion to strike this resistance, whereupon the defendant, on writ of error to the district court, secured a reversal of the rulings of the justice of the peace, and from the action of the district court in holding the resistance to be insufficient plaintiffs appealed, a certificate of appeal being allowed by the trial judge.— *Reversed.*

*Giddings & Winegar,* for appellants.

*White, Clarke & Clarke,* for appellee.

McCLAIN, J.— The case presented upon this appeal is simple, though it may not be easy of solution. Code, section 4011, provides that the earnings of a debtor, who is a

1. GARNISHMENT: personal earnings; exemptions. resident of the state and the head of a family, for his personal services or those of his family, at any time within ninety days next preceding, are exempt. The question is whether the debtor himself may by his act or agreement waive the right subsequently to interpose this exemption in a garnishment proceeding. It is first argued that, as the exemption is to the head of a family, the personal act or agreement of the debtor himself will not be effectual as a waiver thereof depriving the family of the benefit of the exemption. But the difficulty with this contention is that the debtor may collect his earnings, and dispose of them as he pleases, and no legal reason is readily apparent why he cannot contract with reference to such earnings. It has been held that a contract made at the time the indebtedness is incurred by which exemption is waived as against such indebtedness is invalid, as contrary to public policy. *Curtis v. O'Brien,* 20 Iowa, 376. And there are cases to the effect that a subsequent

waiver of exemption is also invalid. *Denny v. White,* 2 Cold. 283 (88 Am. Dec. 596). But we think that the case before us is not controlled by ordinary rules as to waiver of exemption. The defendant had the right to receive the wages for his personal earnings from the railroad company, and apply them to his indebtedness to plaintiff and, if necessary, he could bring suit against the company, and apply the sum realized in such suit to the payment of plaintiffs' claim. Or he might, without doubt, have assigned to plaintiffs his claim against the company, thus enabling them to sue as assignees. Instead of doing this, he directed the plaintiffs to bring action on their claim and garnish the company, which was, in effect, instituting action against the company for the benefit of the defendant to recover the amount of the indebtedness of the company to him. It appears from the allegations of the pleadings that defendant had recently been discharged from the employment of the railroad company, and there may have been good reason for his wishing suit to be brought. By persuading plaintiffs to institute action, defendant relieved himself from liability to judgment for costs should the garnishment proceeding be unsuccessful. It is not for us to say that there was no adequate advantage resulting from this arrangement. Having induced the plaintiffs to incur the expense and liability involved in instituting garnishment proceedings, we think that defendant is estopped from setting up the exemption of his earnings as against the plaintiffs' claim. The defendant may well be held to be estopped by his conduct, although a mere waiver of his exemption, or an executory contract to waive it, would be invalid.

There is no merit in the contention that the transaction was, in effect, a mortgage of defendant's exempt personal property, which, under the provision of Code, section 2906, 2. SALE OF EX- would not be valid unless concurred in by the EMPT PROPERTY wife. The statute does not prohibit the sale or assignment of exempt property.

The ruling of the trial judge was therefore erroneous, and it is *reversed*.