LAURA J. FEATHERSTONE v. LOWELL COTTON MILLS.

(Filed 15 May, 1912.)

1. **Liability Insurance—Evidence of Indemnity—Prejudicial Questions—Correction—Presumptions—Courts—Discretion.**

It is not a relevant circumstance, in an action for damages for personal injuries negligently inflicted, whether or not the defendant's liability is protected under an insurance policy; and if plaintiff has asked a question of this character in bad faith, before the jury has been impaneled, and which likely operated to defendant's prejudice, a recovery against him should not be allowed to stand. The presumption, however, is that the court below properly corrected any prejudice which may have been produced and that intelligent jurors rejected it; and therefore the matter is largely left in his discretion.

2. **Jurors—Interest—Corporations—Officers and Employees.**

Stockholders, officers, or employees of an indemnifying company are incompetent to serve on the jury in an action against the indemnified for damages covered by the policy.

APPEAL from *Long, J.,* at January Special Term, 1912, of GASTON.

Civil action to recover damages for personal injuries. There was verdict for plaintiff and judgment, and defendant excepted and appealed, assigning for error:

1. That plaintiff's counsel, for the purpose of ascertaining their competency to serve as jurors, was allowed to ask, over

defendant's objection, if they were interested as stockholders, officers, or employees, etc., of the Maryland Casualty Company.

2. That while court was examining an authority on the subject, plaintiff's counsel stated in the hearing of the jurors and before they were selected, "I desire to ask the attorney for defendant if the Lowell Cotton Mills pays one cent of any recovery in the action up to $5,000?" Defendant objected on the ground "That the statement was calculated to prejudice the jury, and because irrelevant and impertinent." The court sustained the objection, and added that defendant's counsel was not required to answer the question. The jurors, already in the box, were then sent out, and it was shown that defendant company held an insurance policy in the Maryland Casualty Company to $5,000 and was denying its liability thereunder because not notified as required," etc. The jurors having returned, plaintiff's counsel inquired of them if there was any member of the jury interested in the said casualty company, if so, he desired to excuse them. Defendant objected to the question; court overruled objection, stating it had allowed the question for the purpose of enabling counsel to ascertain if any juror was interested as agent or otherwise in the Maryland Casualty Company, but only for the purpose of allowing plaintiff's counsel to peremptorily challenge such juror. Defendant excepted.

The case on appeal here proceeds as follows: "No juror excused himself on this ground, but there were some jurors, probably as many as three, who were objected to by plaintiff's counsel for some other reason, and stood aside, and other jurors, either from the regular panel or from bystanders, were called into the box, and the jury was thus supplied with twelve jurors. After such new jurors were called into the box, the plaintiff propounded, among other things, the same question as set out above. The defendant objected. The court allowed the question to be asked for the purpose above set out, and the defendant excepted."

The jury having been obtained, were impaneled and verdict and judgment for plaintiff. Defendant, as heretofore stated, excepted and appealed.

*Thomas F. McDow, William H. Lewis, and A. G. Mangum for plaintiff.*

*O. F. Mason for defendant.*

PER CURIAM. Under our decisions the stockholders, officers, or employees of the casualty company would not be impartial or competent jurors to determine the issue, and under all ordinary conditions the questions asked by counsel on the *voir dire* were not improper. *Norris v. Cotton Mills,* 154 N. C., 474; *Blevins v. Cotton Mills,* 150 N. C., 493.

It has also been held with us, however, that the fact that a principal defendant is protected from liability by an insurance policy is not a relevant circumstance on the trial of the issue (*Lytton v. Manufacturing Co.,* 157 N. C., 331); and before jury impaneled, if it should be made to appear that questions of this character have been asked in bad faith and have likely operated to defendant's prejudice, a recovery should not be allowed to stand. In this case, on the facts as presented, both the questions asked of the jurors, the same being as a rule competent, and that addressed to defendant's counsel, are matters which must be left largely to the discretion of the court below, and it must be presumed that the character and good sense of the jurors selected have protected them from improper bias or that any such tendency has been effectually checked and corrected by the learned and impartial judge who presided at the trial.

We find no error in the record to justify the Court in disturbing the results of the trial, and the judgment in plaintiff's favor is therefore affirmed.

No error.