13561

YOUNG v. SMITH *ET AL.*

(167 S. E., 669)

*Messrs. Townes & Wells,* for appellants,

*Mr. D. B. Stover,* for respondent,

January 21, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Plaintiff brought his action to recover damages which he alleges occurred in the following manner:

In consequence of their solicitation by advertisement, he employed the Royal Cleaners to treat his certain three pieces of furniture with a preparation known as "konate" to be used for eradication of moths and carpet beetles—under a guaranty that the furniture would be free of moths and other devastating insects for a period of three years after such treatment, and they further guaranteed to pay all damages or loss sustained by him if the treatment did not completely eradicate the moths and insects within the named period. That plaintiff paid this Defendant the charges made for such treatment.

That at the same time, and as a part of said agreement between plaintiff and defendant the Royal Cleaners, the defendant Lloyds Casualty Company, Inc., on September 19, 1930, for value received, issued and delivered to plaintiff its certain certificate of insurance whereby it insured and indemnified plaintiff against any and all loss or damage that

might be sustained by him as the result of the failure of the treatment of the furniture with "konate" by the Royal Cleaners to eradicate moths and insects from the furniture, under the agreement.

That shortly after this treatment plaintiff's furniture became infested with moths and became practically valueless.

After demand, defendants refused payment of damages. The answer was a general denial.

The trial was before Judge Ansel of the County Court of Greenville, and a jury. At the conclusion of testimony for plaintiff, the defendant Lloyds Casualty Company, Inc., moved for a directed verdict on the ground that there was no evidence of a contractual relationship between that defendant and the plaintiff. The motion was denied. The jury found for plaintiff against both defendants, who, in due time, moved for new trial on the grounds that it was error to admit evidence of liability insurance held by the Royal Cleaners, for error in denying motion for non-suit and directed verdict in favor of Lloyds Casualty Company, Inc., on the ground of no evidence of contractual relationship between that defendant and plaintiff. This motion was refused.

This appeal followed on exceptions which are practically similar to the grounds upon which motions for directed verdict and new trial were based.

On trial plaintiff offered in evidence, without objection, a pamphlet issued by defendant the Royal Cleaners, advertising "konate," which contains the following: "And You Can Have a Lloyds Casualty Company Insurance Certificate Guaranteeing The Success Of The Work."

It is now objected that this pamphlet should not have been admitted because it brought to the attention of the jury the fact that the Royal Cleaners had indemnity insurance. Respondent replies that the evidence was received without objection. It is the settled rule that, if evidence is not objected to when offered, its admission may not be made the ground of appeal. In this case, however, the

error, if error there was, is immaterial, since the same matter is covered by the second and controlling issue of the appeal.

When the certificate of insurance was offered in evidence, defendant objected on the ground that "it is an independent contract between the defendants and the plaintiff is not a party to it." It was admitted over this objection on the ground that "it is alleged in the third paragraph of the complaint."

That paragraph alleges that Lloyd Casualty Company, Inc., for value received, issued to plaintiff its certificate of insurance by which it insured plaintiff against loss or damage arising from the treatment of plaintiff's furniture with the "konate" process, by the Royal Cleaners. It was probably because of these allegations that defendants did not object to the introduction of the pamphlet containing the statement that one using, through the Royal Cleaners, the "konate" treatment of furniture, could have a Lloyds Casualty Company certificate guaranteeing the success of the work. Defendants might well have understood from the language that the user of "konate" would be given a certificate in which the user was to be indemnified by name and in terms against loss or damage. When the certificate was offered in evidence, it was found that Lloyds Casualty Company insured Royal Cleaners against direct loss under guaranty issued by Royal Cleaners to J. C. Young. It was simply a certificate of indemnity for the benefit of the Royal Cleaners. There is no privity of contract between plaintiff and Lloyds Casualty Company. The cases of *Piper v. American Fidelity & Casualty Company,* 157 S. C., 106, 154 S. E., 106, and *Benn v. Camel City Coach Co.,* 162 S. C., 44, 160 S. E., 135, are based on the Act of April 8, 1925 (34 St. at Large, page 252) amended by the Act of March 9, 1928 (35 St. at Large, page 1238), and hold that it is permissible to join the indemnity company with the insured because the statutes create the privity of contract between plaintiff and the indemnity company. The

insurance company may be sued by one other than the insured when the policy contains a provision that in the event of loss, payment shall be made to such other person. But none of these conditions exist here. The Royal Cleaners guaranteed the plaintiff that their treatment with "konate" would be good for three years. Lloyds Casualty Company guaranteed to the Royal Cleaners that, if they were called on to make good their guaranty to plaintiff, Lloyds would indemnify them for it. But Lloyds never guaranteed to do anything for plaintiff. There was no contract with any one but the Royal Cleaners.

Plaintiff declared, in the third paragraph of his complaint, upon an express written contract of insurance, evidenced by a certificate, issued and delivered to him by defendant, Lloyds Casualty Company, Inc., upon valuable consideration. There is an utter absence of evidence of any such contract. The certificate of insurance to the Royal Cleaners was therefore improperly admitted in evidence. The certificate offered is evidence only of a contract between the Royal Cleaners and Lloyds Casualty Company, Inc., to which plaintiff is a stranger. It was error to admit it for another reason. It conveyed to the jury the information that the Royal Cleaners carried indemnity insurance. This is against the settled rule established by this Court.

In the concurring opinion, concurred in by the majority of the Court, in the case of *Pardue v. Pardue,* decided October 5, 1932, and published in 167 S. C., 129, 166 S. E., 101, 104, this occurs:

"This Court is committed to complete adherence to the doctrine expressed by Mr. Justice Woods in the case of *Horsford v. Carolina Glass Co.,* 92 S. C., 236, 75 S. E., 533, 541:

" 'There can be no doubt on the bench or at the bar, that, in an action by an employee against his employer to recover damages for personal injury, both reason and authority forbid bringing into the evidence or argument the fact that

defendant is protected by employer's liability insurance. Such evidence or argument has a * * * strong tendency to carry the jury away from the real issue and to lead them to regard carelessly the legal rights of the defendant on the ground that some one else will have to pay the verdict. * * *'

"This is the generally accepted principle in the large majority of the jurisdictions. This Court desires it to be understood that it stands squarely by that principle as it was announced by that eminent jurist whose words I have quoted."

The judgment of the Court below is reversed, with instructions to dismiss the complaint as to Lloyds Casualty Company, Inc., and to retry the case as between plaintiff and the other defendants.

MR. CHIEF JUSTICE BLEASE, MR. JUSTICE CARTER and CIRCUIT JUDGES W. H. TOWNSEND and M. M. MANN ACTING ASSOCIATE JUSTICES, concur.