W. L. SCOTT v. ROBERT E. BRYAN.

(Filed 14 October, 1936.)

**1. Torts C a—Tort-feasor fraudulently inducing injured party to proceed solely against other joint tort-feasor is estopped from setting up release of such other tort-feasor as defense.**

Where one joint tort-feasor induces the injured party to proceed solely against the other joint tort-feasor by falsely representing himself to be insolvent and without liability insurance, he is estopped from setting up the release given such other tort-feasor after settlement as a defense to the injured party's suit thereafter instituted against him, nor may he successfully contend that the injured party must first rescind the release for fraud and return the consideration therefor, or that the injured party is relegated solely to an action against him for deceit.

**2. Pleadings I a—Motion to strike out held properly refused, the allegations objected to being material to right to recover.**

In this suit against a tort-feasor, the defendant set up a release given his joint tort-feasor as a defense to the action. Plaintiff alleged in his reply that he was induced to proceed solely against such other tort-feasor and effect the settlement and release by defendant's fraudulent misrepresentations that he was insolvent and without liability insurance. *Held:* Defendant's motion that the allegations be stricken from the reply as irrelevant and prejudicial was properly refused, the allegations of the reply not constituting a repudiation of the release of the other tort-feasor, but being allegations of matters constituting an estoppel of defendant by misrepresentation from setting up the release as a defense to plaintiff's action. C. S., 537.

**3. Estoppel C b—Defendant held estopped from asserting defense acquired as result of his own misrepresentations.**

Plaintiff alleged that defendant induced him to proceed solely against defendant's joint tort-feasor by falsely representing himself to be insolvent and without liability insurance. *Held:* The facts alleged constitute an estoppel of defendant from setting up a release given by plaintiff to the other joint tort-feasor after settlement as a defense to plaintiff's action against him, the principle that where a party induces another by false representations to change his position for the worse, the party making the misrepresentations will not be permitted to reap advantage from his own wrong, being applicable.

**4. Pleadings I a—Motion to strike out allegation that defendant carried liability insurance held properly denied, the allegation being material to right to recover under facts of the case.**

Defendant set up as a defense a release given by plaintiff to defendant's joint tort-feasor. Plaintiff filed a reply alleging that defendant fraudulently induced plaintiff to proceed solely against such other joint tort-feasor by falsely representing himself to be insolvent and without liability insurance. *Held:* The allegations in the reply referring to the liability insurance and naming the alleged insurer were material to plaintiff's right to recover, since they relate to matters estopping defendant from setting up the release as a defense, and defendant's motion to strike out the allegations as irrelevant and prejudicial was properly refused, the facts of the case taking it out of the general rule that matters relating to liability insurance are irrelevant and should not be allowed to prejudice the jury, and it being the duty of the trial court to prevent unfairness or prejudice to the rights of any party in determining matters presented upon the trial. C. S., 537.

**5. Same: Appeal and Error J a—**

Ordinarily, the refusal of a motion to strike out will not be disturbed on appeal when the questions involved can be better determined on the trial by rulings on the evidence. C. S., 537.

APPEAL by defendant from *Cowper, Special Judge,* at March Term, 1936, of WAYNE. Affirmed.

Defendant's motion to strike out certain portions of plaintiff's reply was denied and defendant appealed.

*Kenneth C. Royall for plaintiff, appellee.*
*Smith, Leach & Anderson for defendant, appellant.*

DEVIN, J. Plaintiff set out in his complaint a cause of action for negligence on the part of the defendant in the operation of a motor vehicle on the highway, whereby he alleged a serious personal injury was inflicted upon him.

The circumstances of the injury as stated in the complaint are substantially these: That on 24 January, 1933, defendant was driving his truck northward along a highway two and a half miles south of Goldsboro, immediately preceding the oil truck of Thompson-Wooten Oil Company; that approaching plaintiff's filling station, situated on the west side of the highway, where plaintiff was standing, the defendant, suddenly and without warning, turned to the left across the highway directly in front of the Thompson-Wooten Oil Company's truck, thereby causing the truck of the Oil Company to swerve to the left to avoid a collision, and to strike and injure the plaintiff, to his damage in the alleged sum of fifty thousand dollars.

Defendant filed answer in which he denied the allegations of the negligence on his part, and alleged that plaintiff's injury was due solely to the negligence of the Oil Company, and he set up the additional defense that the plaintiff had made demand upon the Oil Company for compensation for his alleged injury and had affected a settlement and satisfaction for his damages in the sum of $6,500, and had in consideration thereof executed and delivered to said Oil Company a written release and discharge of said Oil Company from all liability to the plaintiff for the injuries received on this occasion, and the defendant pleaded such release from an alleged joint tort-feasor as a bar and defense to this action.

The plaintiff, replying to the defendant's plea that the plaintiff's release of the Oil Company, a joint tort-feasor, discharged the defendant, alleged that the settlement with and release of the Oil Company was brought about and induced by the fraud of the defendant in that he falsely and fraudulently represented to the plaintiff that he (the defendant) was insolvent, and that he carried no liability insurance out of which any recovery could be collected, whereas in truth and in fact defendant did carry liability insurance in the sum of ten thousand dollars; that plaintiff regarded the negligence of the Oil Company, if any, as slight compared with that of the defendant, and that the amount received from the Oil Company was a comparatively small part of the damages recoverable for his injury.

The defendant moved that certain portions of the allegations of the reply, particularly those containing references to misrepresentation as to liability insurance, be stricken from said pleading on the ground that same were irrelevant and prejudicial. C. S., 537.

The motions to strike these allegations from the reply were denied by the court below, and the correctness of this ruling is the single question presented by this appeal.

It is not controverted that, under the pleadings here, the defendant and the oil company were joint tort-feasors, and this invokes the application of the pertinent principle that the release of one of two joint tort-feasors discharges the other, the law allowing but one compensation for the injury. *Howard v. Plumbing Co.,* 154 N. C., 224; *Sircey v. Hans Rees' Sons,* 155 N. C., 296; *Braswell v. Morrow,* 195 N. C., 127.

The defendant contends that plaintiff in his reply should not be permitted to repudiate the release and settlement alleged in the answer without asking for the rescission of the release or returning the consideration therefor, and that, at most, plaintiff is relegated to an action against the defendant for deceit. But plaintiff's allegations of defendant's misrepresentation inducing the settlement with the oil company are set up for another purpose. Plaintiff here invokes the principle of

estoppel by misrepresentation. He alleges the defendant practiced a fraud upon him and by false representations induced him to change his position for the worse; that having a good cause of action against an insured and indemnified party he was by that party's misrepresentation led to make a settlement for a comparatively small amount with another whose negligence was minor, thereby discharging the principal tort-feasor, who was in position to compensate him in larger measure for his injury, and that in equity the defendant should now be estopped to set up the release and settlement as a defense to plaintiff's action.

The principle of estoppel by misrepresentation is stated by *Walker, J.,* in *Boddie v. Bond,* 154 N. C., 359, as follows: "Estoppel by misrepresentation, or equitable estoppel, grows out of such conduct of a party as absolutely precludes him, both at law and in equity, from asserting rights which might perhaps have otherwise existed, either of property, of contract, or of remedy, as against another person who in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right of contract or of remedy."

The doctrine is based upon the manifest inequity of permitting a person to reap advantage from his own wrong.

"If one person is induced to do an act prejudicial to himself in consequence of the acts and declarations of another on which he had a right to rely, equity will enjoin the latter from asserting his legal rights against the tenor of such acts or declarations." *Branson v. Wirth,* 17 Wall., 32. "Equity will step in and protect the party thus misled to his prejudice, and will forbid the other to speak and assert his former right, when every principle of good faith and fair dealing requires that he should be silent." *Wells v. Crumpler,* 182 N. C., 350. "The fundamental principle is that a party may be estopped by the false representation of a material fact, which he knew was calculated to deceive and which has deceived another, causing him to suffer loss." *Bank v. Clark,* 198 N. C., 169; *Oliver v. Fidelity Co.,* 176 N. C., 598; *Tomlinson v. Bennett,* 145 N. C., 279; *Haymore v. Commissioners,* 85 N. C., 268; *Seymour v. Oelrichs,* 156 Cal., 782; *Dowling v. Wood,* 125 Ia., 244.

It is further contended by the defendant that the references in the reply to liability insurance and to the name of defendant's alleged insurer should be stricken out as irrelevant and incompetent and as tending to prejudice the defendant and his insurer.

It has been uniformly held in this jurisdiction that the liability insurer (where the contract is one of indemnity only) is not a proper party to the action (*Clark v. Bonsal,* 157 N. C., 270), and that evidence that indemnity insurance is carried is incompetent (*Luttrell v. Hardin,* 193 N. C., 266), and that in the trial of an action against an insured

tort-feasor it is the duty of the presiding judge to guard against prejudicial references to liability insurance. *While v. McCabe,* 208 N. C., 301; *Fulcher v. Lumber Co.,* 191 N. C., 408; *Bryant v. Furniture Co.,* 186 N. C., 441. But here the offending portions of the plaintiff's reply allege fraudulent misrepresentations with respect to liability insurance as the basis of an equitable estoppel to prevent defendant from setting up the release of a joint tort-feasor as a defense to his action. The allegations in the reply objected to contain statements of facts material to plaintiff's right of action, and not mere collateral or evidential facts. *Revis v. Asheville,* 207 N. C., 237; McIntosh, Prac. & Proc., p. 388. On the trial below it must be left to the presiding judge, upon the matters there presented for judicial determination, to prevent unfairness or prejudice to the rights of any party whose interests may be affected.

While an appeal will ordinarily lie from the denial of a motion to strike from the pleadings material allegations of matters which are incompetent or irrelevant and prejudicial, it has been well said in recent opinions by this Court that the questions involved could be better determined by rulings upon the competency of the evidence, if and when offered, than by undertaking to chart the course of the trial by passing upon allegations as yet undenied. *Hardy v. Dahl,* 209 N. C., 746; *Pemberton v. Greensboro,* 205 N. C., 599.

While nothing ought to remain in a pleading, over objection, which is incompetent to be shown in evidence, the matter can be determined with greater certainty after consideration of all the pleadings and the evidence adduced on the hearing. *Pemberton v. Greensboro,* 203 N. C., 514.

We find no error in the ruling of the court below denying defendant's motion to strike out certain portions of the reply.

Affirmed.