## TECHNICAL TAPE CORP.

v.

## MINNESOTA MINING & MANU-FACTURING CO.

United States District Court, S. D. New York.

Nov. 23, 1953.

Joseph Hirschmann and Daniel L. Morris, New York City, for plaintiff.

Burgess, Ryan & Hicks, New York City, and Harold J. Kinney, St. Paul, Minn. (H. H. Hamilton, New York City, of counsel), for defendant.

SUGARMAN, District Judge.

In its opinion,[1] reversing a dismissal by the district court of the complaint herein, the Second Circuit Court of Appeals directed this court "to proceed in accordance with the views expressed in this opinion."

Defendant moved[2] for a separate trial of the jurisdictional issue whether the complaint for declaratory judgment satisfied the requirement of a justiciable controversy.

That motion was granted without opinion and the plaintiff now seeks reargument, asserting that the question was determined by the Court of Appeals' decision above cited.

I do not understand the Court of Appeals, in its said decision to have finally decided that such issue was presented. On the contrary, it wrote:

> "Taking the plaintiff's allegations in the complaint and affidavits as true, as we must do, we think that there is an issue of fact as to whether an actual controversy existed at the time the complaint was filed * * *."

The decision then held the *allegations* of the complaint and affidavits sufficient to present a justiciable controversy and reinstated the complaint. This was done, however, on an appeal from an order dismissing the complaint.

■■ The defendant may still *prove* the facts to be other than those *alleged* by the plaintiff. This it may do upon the trial. The time, energy and expense to the litigants and the court will be best conserved by disposing of the jurisdictional question before undertaking a full trial of the validity of the patent and infringement thereof on the merits. Such was the purpose of the rule here invoked and such was the court's reason for granting the motion for a separate trial of the jurisdictional issue.

Reargument granted and upon reargument the original decision is adhered to.

On Motion for Further Reargument.

The majority opinion by Judge A. N. Hand in 200 F.2d 876, fixes the time, determinative of the existence of a justiciable issue, as the date of the filing of the complaint, i. e. November 17, 1951. This is clearly manifested by his language at the top of the first column on page 878 of 200 F.2d when he wrote

> "Although the *affidavits* submitted on the reargument in an endeavor to satisfy the requirement of a justiciable controversy referred to events subsequent to the filing of the complaint, *the amendment itself did not*, and hence was clearly not a supplemental pleading." (Emphasis supplied.)

While Judge Clark in his concurrence would have permitted an amendment of the pending suit to allege subsequent acts and thus save "[F]orcing plaintiff to start over" and avoid "judicial waste", I am constrained to accept the limitation voiced by the majority as the law of the case and to be governed thereby.

While the majority opinion allowed the amendment, it was careful to say at the middle of the second column on page 878 of 200 F.2d that

> "[W]hether the mere fact that the defendant had brought such other suits against strangers to the plaintiff without the existence of direct or indirect notice of infringe-

---

1. Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 200 F.2d 876, 878.

2. Under Fed.Rules Civ.Proc. rule 42(b), 28 U.S.C.A.

ment is sufficient to create a controversy, as plaintiff contends, *we do not decide*." (Emphasis supplied.)

In this posture I deem the granting of defendant's motion for a separate trial of the existence of a justiciable controversy quite proper.

If the plaintiff persists in pressing its suit, commenced on November 17, 1951, it must do so within those bounds.

Accordingly, plaintiff's second motion to reargue is granted and, upon reargument, the decision originally made and reiterated upon the first motion to reargue, is again adhered to.

No further reargument will be entertained.

Settle order.