RODNEY TAYLOR AND CALVERT FIRE INSURANCE COMPANY v. SUSIE B. GREEN.

(Filed 20 April, 1955.)

**1. Insurance § 51—**

Where insurer pays the entire damages to the automobile of insured, it must sue in its own name to enforce its right of subrogation against the tort-feasor, G.S. 1-57, but when insurer pays only a part of the loss and is thus subrogated only *pro tanto* to the rights of the insured against the tort-feasor, insurer is not a necessary party to the action against the tort-feasor, but is a proper party and may be joined as an additional party in the discretion of the court upon motion of the tort-feasor.

**2. Insurance § 48—**

A liability or indemnity policy voluntarily taken out by the owner of an automobile constitutes a contract solely between the owner and insurer for the protection of the owner alone in the absence of provision in the policy to the contrary, and therefore in an action by the injured third party to recover for loss sustained by reason of the negligence of the owner, the insurer is not a proper party defendant, and its joinder is properly denied. Ordinarily evidence of the existence of the liability insurance is incompetent and any reference thereto in the presence of the jury is prejudicial. As to the effect of the provisions of the Motor Vehicle Safety and Financial Responsibility Act upon joinder of insurer, *quaere.*

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff Calvert Fire Insurance Company from *Hall, Special Judge,* January Term, 1955, of WAKE.

This action was instituted by Rodney Taylor against the defendant Susie B. Green to recover damages which the plaintiff alleged he sustained when the automobile of the defendant was negligently and care-

lessly driven into the automobile of the plaintiff while it was parked on Smithfield Street in the City of Raleigh on 14 March, 1954.

The defendant filed her answer in which she denied the material allegations of the complaint and alleged, upon information and belief, that the Calvert Fire Insurance Company (hereinafter called Calvert) had issued prior to the collision, a policy of insurance which was in full force and effect on the above date and in which policy Calvert had agreed to pay the plaintiff for all direct and accidental damages to his automobile caused by a collision of the automobile with another object; that said company had paid the plaintiff all or a substantial part of said loss and thereby became subrogated to the plaintiff's rights under the terms of the policy, and moved to make said insurance company a party plaintiff. The motion was allowed and an order entered making Calvert a party plaintiff.

Calvert adopted the pleadings of its coplaintiff and thereafter filed a petition and motion to make the Ohio Farmer's Insurance Company a party defendant, alleging in its petition, upon information and belief, that at the time of the aforesaid collision, the defendant, Susie B. Green, had in full force and effect an automobile liability and property damage insurance policy issued by the Ohio Farmer's Insurance Company of Leroy, Ohio, in which policy the company agreed, among other things, "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, . . . arising out of the ownership, maintenance or use of the automobile" of Susie B. Green. The court denied the motion and the plaintiff Calvert appeals, assigning error.

*Mordecai, Mills & Parker for appellant.*
*Ruark, Young & Moore and B. T. Henderson, II, for appellee.*

DENNY, J. In this jurisdiction, when the owner of an insured automobile brings an action for damages to such automobile against one whose negligence allegedly caused the damage, the court may, in its discretion, on motion of the alleged *tort-feasor*, make the insurance company which has indemnified the owner for only a part of the damages to the automobile, an additional party plaintiff or defendant. *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231, and cited cases. See also *Gaither Corp. v. Skinner,* 238 N.C. 254, 77 S.E. 2d 659; *Colbert v. Collins,* 227 N.C. 395, 42 S.E. 2d 349; *Guthrie v. Durham,* 168 N.C. 573, 84 S.E. 859; McIntosh, North Carolina Practice and Procedure, section 209, page 184, *et seq.* But such is not the established procedure in this jurisdiction with respect to making the insurance carrier of the alleged *tort-feasor* a party to the action.

When an insurance company pays a claim in full, it becomes the real party in interest and must sue in its own name to enforce its right of subrogation against the *tort-feasor*.  G.S. 1-57.  But, when it pays the insured in part only for the loss sustained, the insurance company is subrogated *pro tanto* in equity to the rights of the insured against the *tort-feasor* and by virtue of that fact it holds an equitable interest in the subject matter of the action and becomes a proper although not a necessary party to the litigation.  *Burgess v. Trevathan, supra.*

On the other hand, this Court has held that in an action *ex delicto* for damages proximately caused by the alleged negligence of the defendant, his liability insurance carrier is not a proper party defendant. *Jordan v. Maynard,* 231 N.C. 101, 56 S.E. 2d 26; *Scott v. Bryan,* 210 N.C. 478, 187 S.E. 756; *Johnson v. Transfer Co.,* 204 N.C. 420, 168 S.E. 495; *Clark v. Bonsal,* 157 N.C. 270, 72 S.E. 954, 48 L.R.A. (N.S.) 191. Ordinarily, in the absence of some special circumstance, it is not permissible under our decisions to introduce evidence of the existence of liability insurance or to make any reference thereto in the presence of the jury in the trial of such cases.  *Jordan v. Maynard, supra; Scott v. Bryan, supra; Luttrell v. Hardin,* 193 N.C. 266, 136 S.E. 726; *Bryant v. Furniture Co.,* 186 N.C. 441, 119 S.E. 823; *Stanley v. Lumber Co.,* 184 N.C. 302, 114 S.E. 385; *Hensley v. Furniture Co.,* 164 N.C. 148, 80 S.E. 154; *Featherstone v. Cotton Mills,* 159 N.C. 429, 74 S.E. 918; *Lytton v. Manufacturing Co.,* 157 N.C. 331, 72 S.E. 1055, Ann. Cas. 1913C 358.

The reasons why the liability insurer may not be made a party defendant in an action in *tort* against its insured is stated clearly and concisely in Anno.: Liability Insurer and Insured—Joinder, 20 A.L.R. 2d, page 1099, *et seq.*, as follows: "Ordinarily when a liability or indemnity policy is taken voluntarily, the contract is one by which the insurer undertakes to indemnify or save harmless the insured (and no one else) from any liability of the risks insured against.  There is no privity of contract between the insurer and the third person injured or damaged by the acts of the insured to enable such person to sue the insurer either directly in a separate action or jointly in the same action with the insured.  The insurance contract is procured by the insured for his own protection, and not for the protection of a third person who may sustain an injury.  In the absence of an enabling statute, therefore, or a policy provision having that effect, the latter may not proceed against the insurer, at least not until he has secured a judgment against the insured with an execution thereon returned unsatisfied."  See also 29 Am. Jur., Insurance, section 1080, page 810.

The appellant contends in its brief that the insurance policy issued by the Ohio Farmer's Insurance Company and held by the defendant

is subject to the provisions of the Motor Vehicle Safety and Financial Responsibility Act of 1953, being codified in G.S. Supplement 1953, sections 20-279.21 through 20-279.39. There is nothing in the pleadings to support this contention. Furthermore, the defendant states in her brief that she merely has an automobile liability policy which she voluntarily purchased. Therefore, since the record before us does not raise this question, we will neither discuss nor consider whether or not the plaintiff Calvert is entitled to have the defendant insurance carrier made a party defendant pursuant to the provisions of that act.

The ruling of the court below is

Affirmed.

BARNHILL, C. J., took no part in the consideration or decision of this case.