Helen M. COX, Administratrix of the Estate of Arthur Norman Cox, Jr., Deceased, Plaintiff,

v.

E. I. DU PONT de NEMOURS AND COMPANY, Defendant and Third-Party Plaintiff,

v.

BLAW–KNOX COMPANY and the Travelers Insurance Company, Third-Party Defendants.

Civ. A. No. 4744.

United States District Court
W. D. South Carolina,
Greenville Division.

Heard June 21, 1965.

Decided Aug. 9, 1965.

Wesley M. Walker, Fletcher C. Mann, and J. Brantley Phillips, Jr., of Leatherwood, Walker, Todd & Mann, Greenville, S. C., for plaintiff Helen M. Cox.

J. Bruce Foster, of Odom, Nolen & Foster, Spartanburg, S. C., and Harry DuMont, of Uzzell & DuMont, Asheville, N. C., for defendant E. I. Du Pont de Nemours and Co.

W. H. Arnold, John G. Cheros, and William M. Hagood, III, of Love, Thornton, Arnold & Thomason, Greenville, S. C., for defendant Aetna Cas. and Sur. Corp.

W. Francis Marion, and Robert S. Galloway, Jr., of Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., for defendant Blaw-Knox Co. and The Travelers Ins. Co.

HEMPHILL, District Judge.

This case arises out of a personal injury accident which occurred in North Carolina resulting in the death of plaintiff's intestate. The plaintiff, a resident of the State of South Carolina, sued the defendant and third-party plaintiff, E. I. Du Pont de Nemours and Company, in the Greenville Division of this Court alleging certain acts of negligence. Thereafter, *ex parte*, motion was made and granted to bring in as a third-party defendant, Blaw-Knox Company, which had

a sub-contract with E. I. Du Pont de Nemours and Company and which contract contained a hold harmless clause, and The Travelers Insurance Company, which had issued a policy of liability insurance to the Blaw-Knox Company. The Travelers Insurance Company moved to dismiss the third-party complaint filed against it on the ground that it did not state a claim upon which relief can be granted as the third-party complaint is based upon an alleged action arising out of the contract between the third-party plaintiff and the third-party defendant, Blaw-Knox Company, and that the third-party defendant, The Travelers Insurance Company, was neither directly nor indirectly a party to such contract.

Under the usual conflict of laws rules, this matter is to be considered substantive as opposed to strictly procedural, and as the alleged tortious acts and the consummation of the contract between Blaw-Knox Company and E. I. Du Pont de Nemours and Company took place in North Carolina, this question would be governed by North Carolina law. In any event, it would appear that the result would be the same whether under the statutes and decisions of the State of North Carolina or not.

It is significant that the insurance policy in question was not required to be issued by any statutory provision such as that required for common carriers, employers under workmen's compensation acts or contractors on governmental projects. Such insurance so issued is viewed in an entirely different light.

In Greene v. Charlotte Chemical Laboratories, Inc., 254 N.C. 680, 120 S.E.2d 82, an injured fireman brought a tort action against the owner of a building and a co-defendant who had a contract with the owner to wreck the building. The answer of the owner of the building set out the entire contract between it and the wrecking contractor, including a save harmless clause and a clause wherein the contractor agreed to carry liability insurance in specified amounts. The Trial Court ordered all reference to the liability insurance stricken from the complaint as inadmissible and prejudicial. The North Carolina Supreme Court in affirming the lower court stated:

(1) Did the court below err in striking from the amended answer of defendant Laboratory Exhibit A (the contract between Suggs and Laboratory) and the references thereto contained in paragraphs 2, 3, 4 and 5 (d) of the Seventh Further Answer and Defense?

The provisions of the contract requiring Suggs to carry liability insurance for the protection of Laboratory are not relevant or material to plaintiff's cause of action or to any defense available to Laboratory. Any reading of these provisions or reference thereto in the presence of the jury would, over objection, constitute prejudicial error. The fact that defendants in a negligence action are protected by liability insurance can throw no light on the question of negligence or other circumstances of the accident and is inadmissible in evidence. Stansbury: North Carolina Evidence, s. 88, p. 163. Nothing should remain in a pleading, over objection, which is incompetent to be introduced in evidence. Daniel v. Gardner, 240 N.C. 249, 251, 81 S.E.2d 660. A Policy of liability insurance is for the protection and indemnity of those insured by it, and in an action by an injured Party against insured all references to such insurance is prejudicial, and all such references should be stricken from the pleadings. Jordan v. Maynard, 231 N.C. 101, 103, 56 S.E.2d 26.

The contract, Exhibit A, not only requires Suggs to carry liability insurance for Laboratory's protection but specifies minimum limits. If the insurance is injected into the case, it can conceivably prejudice both

**10**

plaintiff and Suggs. A party to an action is entitled to have stricken irrelevant matters which are prejudicial to him.

120 S.E.2d at 87.

In Scott v. Bryan, 210 N.C. 478, 187 S.E. 756, the North Carolina Supreme Court noted at page 758 of the South Eastern Reports:

It has been uniformly held in this jurisdiction that the liability insurer (where the contract is one of indemnity only) is not a proper party to the action (Clark v. Bonsal & Co., 157 N.C. 270, 72 S.E. 954, 48 L.R.A. (N.S.) 191), and that evidence that indemnity insurance is carried is incompetent (Luttrell v. Hardin, 193 N.C. 266, 136 S.E. 726), and that in the trial of an action against an insured tort-feasor it is the duty of the presiding judge to guard against prejudicial references to liability insurance. (Citations omitted).

See also Taylor v. Green, 242 N.C. 156, 87 S.E.2d 11; and Jordan v. Maynard, 231 N.C. 101, 56 S.E.2d 26.

Similarly in Young v. Smith, 168 S.C. 362, 167 S.E. 669, action was brought against a cleaning firm and an insurance company which had issued to the cleaning firm a policy of insurance wherein it insured the plaintiff against loss or damage arising from the treatment of furniture by a certain "mothproofing" process thereby guaranteeing the success of the work. Plaintiff's complaint alleged that the insurance company had issued and delivered to the plaintiff a certain certificate of insurance whereby it insured and indemnified him against any and all loss that may be sustained as a result of the failure of the treatment of his furniture with the mothproofing process used by the cleaning firm. Introduced into evidence was a pamphlet issued by the defendant cleaning firm advertising the mothproofing process and contained the statement that the insurance company guaranteed the success of the work. The Court held that the insurance company was an improper party in that the policy issued was simply a certificate of indemnity for the benefit of the cleaning firm and there was no privity of contract between the plaintiff and the insurance company but that the insurance company only guaranteed to the cleaning firm that, if they were called on to make good their guaranty to the plaintiff, the insurance company would indemnify the cleaning firm for it.

It appears that the instant matter is on all fours with Young v. Smith, supra, in that the third-party defendant, The Travelers Insurance Company, is not in privity with the third-party defendant, E. I. Du Pont de Nemours and Company but the third-party defendant, The Travelers Insurance Company, has only guaranteed Blaw-Knox Company that if it is called on to make good under its hold harmless clause with the E. I. Du Pont de Nemours and Company that The Travelers Insurance Company will indemnify Blaw-Knox Company for any losses to the extent of its coverage.

In opposition to the motion of The Travelers Insurance Company, the third-party plaintiff relies upon Williams v. Midland Constructors, 221 F.Supp. 400 (E.D.Ark.1963). Such case is not in point as the insurance company involved was a surety on a sub-contractor's performance bond. The prime contract was with the United States Government. It can, therefore, be readily seen that there is no relation between the facts in Williams and the case at hand.

For the above stated reasons,

It is ordered that the motion of The Travelers Insurance Company to dismiss the third-party complaint of the E. I. Du Pont de Nemours and Company be, and the same hereby is, granted.

And it is so ordered.