See also, D.C., 38 F.R.D. 396; D.C., 39 F.R.D. 47.

**Helen M. COX, Administratrix of the Estate of Arthur Norman Cox, Jr., Deceased, Plaintiff,**

v.

**E. I. duPONT de NEMOURS AND COMPANY, Defendant and Third-Party Plaintiff,**

v.

**BLAW–KNOX COMPANY, Third-Party Defendant.**

**Civ. A. No. 4744.**

United States District Court
D. South Carolina,
Greenville Division.

Heard Dec. 15, 1965.

Decided Dec. 21, 1965.

Wesley M. Walker, Fletcher C. Mann, J. Brantley Phillips, Jr., of Leatherwood, Walker, Todd & Mann, Greenville, S. C., for plaintiff.

J. Bruce Foster, of Odom, Nolen & Foster, Spartanburg, S. C., and Harry DuMont, of Uzzell & DuMont, Asheville, N. C., for defendant E. I. duPont de Nemours and Co.

W. Francis Marion, of Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., for defendant Blaw-Knox Co.

HEMPHILL, District Judge.

Defendant Blaw-Knox seeks relief under Rule 42(b),[1] Rules of Civil Procedure in support of its motion:

> That a separate trial of issues raised by the original Complaint be first held and concluded and that the trial on the issues raised by the third-party Complaint be continued until final adjudication of the issues as set forth in the original complaint.

Plaintiff and defendant duPont vigorously oppose.

The Amended Complaint, filed March 20, 1965, seeks total damages of Five Hundred Fifty Thousand Dollars of du-Pont alone on two causes of action allegedly generated by the death of the intestate while "engaged in insulation work at the plant of defendant, E. I. duPont de Nemours and Company at its construction site in Brevard, North Carolina." By Order of April 24, 1965, the Court granted duPont's Motion to make Armstrong Contracting and Supply Corporation and Aetna Casualty and Surety Corporation parties defendant, and on the same date filed a third party complaint against them. By Order of August 12, 1965 the Court dismissed.[2]

On April 24, 1965, defendant duPont filed third party complaint[3] against Blaw-Knox Company and the Travelers Insurance Company alleging that negligent acts of Blaw-Knox proximately caused the fatality. Travelers moved to dismiss this third-party complaint, and the Court so ordered.[4] Plaintiff has never complained against Blaw-Knox.

The elimination of Blaw-Knox as defendant, will not, under the issues joined, or recognized, here, eliminate testimony by duPont, assuming such was offered,[5] that Blaw-Knox was at fault. We therefore find plaintiff having to meet the issue while at the same time assuming his burden of proof as to his complaint. If Blaw-Knox were eliminated and duPont successful in obtaining a verdict, plaintiff could pursue against Blaw-Knox in another cause, causing duplicity. Plaintiff did not seek out Blaw-Knox, but, the issue of its responsibility having been injected, justice demands that it be fairly met with all parties present to parry, thrust, fend and defend, that truth emerges with the ultimate verdict.

"Just as the judge may order separate trials of the issues in a single case under Rule 42(b), he is empowered by Rule 42(a) to order joint trial of two separate actions * * * Here again he has broad discretion, and efficient judicial administration is the principal

---

1. Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.

2. Order not reported at this writing. Armstrong was workmen's compensation employer and Aetna its compensation carrier.

3. Brought in as third party defendants on duPont's motion by Order of April 24, 1965.

4. See 38 F.R.D. 8 (W.D.S.C.1965).

5. duPont's counsel was frank to admit it would try to place blame on Blaw-Knox.

goal, but in one respect his discretion to order joint trial or consolidation is limited. He may do this only where the actions involve a common question of law or fact."[6] This Court, mindful of the broad power of its "discretion," is ever cognizant of the limitation of its use to that which is right, is just, promotes the fairest and most impartial trial. If plaintiff had sued separately, the issues would be ordered joined. Here there are certain common issues of law and fact: negligence and "whodonit?". And we find the reasoning that to effect the salutary purposes of the rule the trial court must have broad discretion to determine what will further convenience or avoid prejudice.[7] While this Court considers time and money to be factors for consideration, the real issue is prejudice or lack of prejudice with convenience a close second. Prejudice and justice are ever incompatible.

If, as duPont contends, Blaw-Knox is at fault, plaintiff's right to recover from duPont will be adjudged without further expenditure of their time and this Court's. If, as Blaw-Knox contends, duPont alone is at fault, this one trial will settle that question. Certainly the hearing of *all* the available testimony has the best promise of justice here. Guided by the reasoning of Piedmont Interstate Fair Ass'n v. Bean,[8] this Court considers the fact that the pleadings are filed, the issues are clear, and those who were present and participated now have direction, as well as opportunity to present the facts, and, in the process, to use the skill of advocacy to bare the entire truth. Neither Blaw-Knox nor plaintiff will have to face the expense of another trial, as the expense already incurred here is eliminated from another trial, as there is to be no separate, repetitious performance.

 Counsel for Blaw-Knox called the Court's attention to Chicago, Rock Island and Pacific Railway Co. v. Williams, 8 Cir., 245 F.2d 397, and Shippers Pre-Cooling Service v. Macks, 5 Cir., 181 F.2d 510. Acknowledging the application of those reasonings to the general question before this Court, they emphasize the realization that each case in which rule 42(b) is applied or refused must be adjudged on the particular facts and issues before the Court, each facet of each case having such impact, no more, no less, than justice demands.

Motion for separate trial denied.

And it is so ordered.

6. Wright on Federal Courts (1963) p. 379.

7. Rossano v. Blue Plate Foods, Inc., 5 Cir., 314 F.2d 174, cert. den. 375 U.S. 866, 84 S.Ct. 139, 11 L.Ed.2d 93.

