NORDBERG MANUFACTURING COMPANY, a corporation, Plaintiff,

v.

BARBER–GREENE COMPANY, a corporation, Defendant.

No. 66 C 67.

United States District Court
N. D. Illinois, E. D.

Nov. 21, 1968.

Daniel C. McEachran, Parker & Carter, Chicago, Ill., for plaintiff.

Charles F. Meroni, Jr., Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., for defendant William Lieber, Lieber & Nilles, Milwaukee, Wis., of counsel.

PLAINTIFF'S MOTION FOR SEPARATE TRIALS OF CERTAIN ISSUES UNDER RULE 42(b)

LYNCH, District Judge.

On January 10, 1966 plaintiff filed its complaint alleging infringement of several. of its patents. Discovery was ordered closed on October 31, 1967. On October 17, 1967, immediately prior to the start of a deposition by plaintiff, defendant's counsel notified plaintiff's counsel that defendant intended to file a counterclaim. Defendant's motion to add the counterclaim was filed October 31, 1967, and granted on December 4, 1967, (after discovery had been closed).

This Court issued an order on January 12, 1968 which gave the parties from January 12, 1968 until February 16, 1968 to complete discovery and until March 1, 1968 to file their motions. Plaintiff filed a motion for Summary Judgment as to defendant's counterclaim on March 1, 1968. This Court denied that motion on June 12, 1968.

Plaintiff then moved to reopen discovery as to defendant's counterclaim. This Court denied the motion on June 26, 1968 and denied a motion for reconsideration on August 10, 1968.

Plaintiff then filed its present motion for separate trials of the complaint and counterclaim.

### Question of Separate Trials

Rule 42(b) provides: "The court, in furtherance of convenience or to avoid prejudice, may order a separate trial of any claim, cross-claim, counterclaim or third-party claim * * *" Generally a single trial is favored and separate trials should not be ordered unless clearly necessary. The factors to be weighed in considering the propriety of a motion to sever are ably discussed in Value Line Fund v. Marcus, 161 F.Supp. 533, 537 (S.D.N.Y.1958):

"This rule (Rule 42(b)) empowers the court to sever those issues which, if tried with the main issues, would lead to confusion, delay, additional expense, or undue prejudice. In exercising its extensive discretion, the Court must balance these adverse factors against considerations of the convenience, economy, and speed of a single trial. * * * This calls for close individual analysis of the factual and legal features of each case, and a pragmatic evaluation of the arguments pro and con on the issue of severance. There is no rule of thumb that fits all cases."

There is a serious question of whether this counterclaim can be separated from the complaint. Plaintiff claims that there is no overlap between the patent involved in the defendant's counterclaim and the patents in the complaint. Plaintiff further contends that the only possible overlap is a similarity of machines and that the only advantage of trying them together would be that the Court would have the background of the machine involved from the trial of the complaint.

Defendant, on the other hand, claims that the issues of the "complaint and the counterclaim are so intimately intertwined that the ends of justice necessitate a single trial rather than separate trials." Defendant points out that its counterclaim patent was a principle reference cited by the Patent Office against all three of the applications for the patents in plaintiff's complaint. Defendant states: "It is difficult, if not impossible, to perceive wherein there is a closer pertinency of Letters Patent in a counterclaim to those of a complaint than is here presented. Actually, it is the position of the defendant that its patentee Rumpel made the primary invention * * *; and, that, at most,

plaintiff's three Letters Patents involve only trivial improvements, if any."

The Court finds defendant's argument more convincing, and it, therefore, rules that the issues presented in the counterclaim are not separable from those in the complaint. The Court further notes that the underlying issue herein is whether or not plaintiff is entitled to further discovery on defendant's counterclaim. This issue has been well aired before this Court and it does not now feel moved to change its prior view on the matter.