Edward T. MOLINARO and Anthony
P. Catanzaro

v.

**WATKINS–JOHNSON CEI DIVISION.**

Civ. A. No. 72–589–N.

United States District Court,
D. Maryland.

Sept. 5, 1973.

Edward T. Molinaro, in pro per.

Anthony P. Catanzaro, in pro per.

David F. Albright and Semmes, Bowen & Semmes, Baltimore, Md. (Francis D. Thomas, Jr. and Bacon & Thomas, Washington, D. C., and Aldo J. Test and Flehr, Hohbach, Test, Albritton & Herbert of San Francisco, Cal., of counsel), for defendant.

NORTHROP, Chief Judge.

The instant suit is a patent case in which plaintiffs, proceeding *pro se,* have alleged that certain equipment sold by the defendant violates their patent. The equipment is the MD–104 Auto-Scan Receiver and a modification kit for field conversion of any RS–111–1B Series system into an RS–111–1B–17. Defendant, after filing its answer, moved for summary judgment on the basis that only twenty of the accused devices were sold, eighteen being sold to the United States Government and two to foreign governments. After two hearings on that motion, this Court, 359 F.Supp. 467, granted a partial summary judgment on the basis that plaintiffs' exclusive remedy as to the Government sales was against the United States in the Court of Claims.

This left two devices—those sold to the foreign governments. Defendant al-

leges and the affidavit of its employee indicates that neither the Auto-Scan MD–104, nor the "modification kit" were ever connected to the receiver within the United States, but were shipped separately to the foreign governments. Defendant contends, and plaintiffs admit, that there is no infringement unless the above mentioned assembly takes place.

Initially the defendant moved for a summary judgment as to these two devices contending that it is not liable for infringement as to the two foreign sales because a combination patent such as Molinaro's protects only against the operable assembly of the whole and not against the manufacture of the parts in the United States. Citing Deepsouth Packing Co. v. Laitram, 406 U.S. 518, 92 S.Ct. 1700, 32 L.Ed.2d 273 (1972), defendant further contends that where the structure accused of infringing a combination patent is assembled outside the United States, there is no infringement. Defendant has withdrawn its motion for summary judgment, and now moves for a separate trial on the issue of whether the accused structure was ever combined with a receiver in the United States. It is claimed that a resolution of this issue in favor of the defendant will lead to a resolution of the case and thus be an extremely expeditious and economical way to dispose of the litigation, especially in light of the lengthy and complex trial required to resolve the issues of validity and infringement.

Plaintiffs, on the other hand, opposed this motion arguing that it is a delaying tactic on the part of the defendant and that the defendant has not furnished proof that there were not, in fact, other sales to parties other than the United States. They further say that they believe there were other such sales due to the widespread advertisement in various periodicals by the defendant. Lastly, plaintiffs contend that it is impossible to test the accused device without attachment to a receiver.

In addition to its motion for separate trial, defendant moved for a protective order claiming that plaintiffs' sixth set of interrogatories was burdensome, repetitive and beyond the scope of allowable discovery in this case. Plaintiffs countered with a motion for an order compelling discovery with regard to the sixth set of interrogatories.

On April 25, 1973, this Court scheduled a hearing on defendant's motions for a separate trial and for a protective order and on plaintiffs' motion for an order compelling discovery. Prior to the date set for the hearing, the plaintiffs notified the Court that in light of their affidavit filed pursuant to 28 U.S.C. § 144, they would not attend a hearing until the case was assigned to a new judge. This Court then informed plaintiffs that the hearing would proceed as scheduled, yet they did not appear on April 25, 1973. After listening to the defendant, the Court indicated that an opinion on the motions would be forthcoming. Since that date, plaintiffs have filed a new suit against Watkins-Johnson claiming that numerous other devices manufactured by defendants also infringe plaintiffs' patent. The second suit will proceed independently of the instant action which is confined solely to the MD–104 and the modification kit; and a discussion of the motions presently before this Court will be so restricted.

## SEPARATE TRIALS

■ Initially this Court must analyze the grounds for granting separate trials under the Federal Rules of Civil Procedure. The pertinent rule reads as follows:

### Rule 42(b)

(b) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims,

cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The purpose behind this rule is intended to "further convenience, avoid delay and prejudice, and service the ends of justice." 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2388, at 279 (1971); Moss v. Associated Transport, Inc., 344 F.2d 23, 26 (6th Cir. 1965). More often a single trial tends to lessen the delay, expense and inconvenience to all concerned. 5 J. Moore, Moore's Federal Practice ¶ 42.03, at 42–25 (2d ed. 1971). For this reason, a separate trial should not normally be resorted to, but the matter of whether the purposes of Rule 42(b) will be achieved by separation is left to the trial court's informed discretion. Moss v. Associated Transport, Inc., *supra*, at 26; Bedser v. Horton Motor Lines, 122 F.2d 406 (4th Cir. 1941). Matters of economy, however, must yield to the fair and impartial treatment of all litigants. Baker v. Waterman S. S. Corp., 11 F.R.D. 440 (S.D.N.Y.1951).

■ One situation is especially conducive to economy of time and money and to convenience, and that is where a single issue may be dispositive of the case and resolution of it might make a trial on the other issues unnecessary. Laitram Corp. v. Deepsouth Packing Co., 279 F.Supp. 883, 892 (E.D.La.1968); 9 Wright & Miller, *supra*, § 2388, at 281; 5 Moore, *supra*, ¶ 42.03, at 42–37 to 42–38. This procedure is applicable in patent cases where such an initial determination will avoid a protracted trial on the issues of patent validity and infringement. Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 117 F. Supp. 355 (S.D.N.Y.1953); Hall Laboratories v. National Aluminate Corp., 95 F.Supp. 323 (D.Del.1951). Before granting such a separate trial, the Court must insure that the issues are clearly

separable and that there will not be an overlap in the evidence presented at the separate trials. Nordberg Mfg. Co. v. Barber-Greene Co., 47 F.R.D. 299 (N.D. Ill.1968); Cox v. E. I. duPont de Nemours & Co., 39 F.R.D. 56 (D.S.C. 1965).

■ At the present juncture of the case, it seems clear that the applicability of the *Deepsouth* doctrine to the two foreign sales would resolve the case. Since all parties agree that there is no infringement absent the combination with a receiver, a finding that the components were not combined in the United States will dispose of the case. A trial on the factual issue of combination will require only a limited presentation of evidence and will not call for litigating the merits of the issues of validity and infringement. Plaintiffs will, furthermore, not be prejudiced by such a separate trial, for if they establish a combination, the case will then proceed on the other more complex issues without a duplication in the presentation of evidence. The claim that they will be prejudiced in discovery is not well-founded, because additional discovery can take place if the plaintiffs are able to establish a combination.

This Court finds that the purpose of Rule 42(b) will be met by granting the defendant's motion for a separate trial, and the motion is hereby granted.

### DISCOVERY

The defendant is not entitled to the total ban on discovery which it seeks. Although plaintiffs have filed numerous interrogatories, they are not so oppressive as to warrant the total relief sought by the defendant. There is, however, justification to place a limit on the scope of discovery due to the present posture of this case.

■ In the first instance, this suit deals solely with the MD–104, the modification kit and the resultant combination. Discovery, therefore, must be lim-

ited to that device. In the present status of the litigation, it appears that the case will be limited to the two foreign sales. Plaintiffs, however, argue that other MD–104's may have been sold to buyers other than the United States, but at this point have little basis for that conclusion. In light of plaintiffs' allegation of other sales and the fact that there will be a separate trial, discovery will be limited to the following issues:

—whether other MD–104's and modifications have been sold to buyers other than the United States.

—whether there have been combinations in the United States.

## JURY TRIAL

In an opinion filed April 9, 1973, this Court ruled that the plaintiffs waived their right to a jury trial by not making a timely demand as required by Rule 38. Subsequently, on April 16, 1973, plaintiffs filed a motion pursuant to Rule 39(b) requesting the Court to order a trial by jury. The basis for the motion is a claim that:

. . . Plaintiffs were under the impression that a "timely" demand could be made anytime and prior to time in which that pleading directed to an issue was to be heard. Plaintiffs *are not attorneys* and did not understand application of the rules of civil procedure. (Federal) Therefore our reasons for *inadvertance*, [sic] *excusable neglet* [sic] and *ignorance of not knowing the law* and rules as to this *7th admendment Constitutional Right.* [sic]

■■ Initially it must be stated that a failure to make a timely demand operates as a waiver of trial by jury. General Tire & Rubber Co. v. Watkins, 331 F.2d 192 (4th Cir.), cert denied, 377 U.S. 952, 84 S.Ct. 1629, 12 L. Ed.2d 498 (1964); Fed.R.Civ.P. 38(d). There are two important factors which militate against a trial by jury. The first is that the litigation is a patent case involving complex technical issues. General Tire & Rubber Co. v. Watkins, *supra*, at 197–98; Midland Ross Corp. v. Sunbeam Equip. Corp., 52 F.R.D. 573 (W.D.Pa.1971). Further, the defendant has objected to a trial by jury. Hawkinson v. Blandin Paper Co., 54 F.R.D. 517, 519 (D.Minn.1972).

It might be added that despite plaintiffs' claim that they are not lawyers and thus ignorant in the law, they have filed a number of suits in many districts and are representing themselves in all of these actions. Further, in the instant case, plaintiffs have filed numerous pleadings and motions, and these display a rudimentary knowledge of federal procedure.

For the above-stated reasons, the plaintiffs' motion pursuant to Rule 39(b) must be denied.